UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TARA RULE

Plaintiff,

-against-

JONATHAN BRAIMAN, DONNA KIRKER,
LISA WEST, CHRISTINE CALISTRI (TOWERS),
ALBANY MED HEALTH PARTNERS (SYSTEMS),
GLENS FALLS HOSPITAL, SARATOGA HOSPITAL,
MALTA MED EMERGENT CARE,

Defendants.

**ANSWER TO SECOND
AMENDED COMPLAINT**

1:23-cv-1218
BKS/CFH

---

The defendant, named herein as **CHRISTINE CALISTRI (TOWERS)**, by and through

her attorneys, Maynard, O'Connor, Smith & Catalinotto, LLP, as and for an Answer to plaintiff's

Second Amended Complaint filed February 13, 2025, hereby sets forth as follows:

1.      Insofar as the allegations are directed against her, defendant **Christine Calistri**

answers the complaint as follows:

  a.      Deny knowledge and information sufficient to form a belief as to the truth

of the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 13, 14, 15, 16, 17, 18, 19,

20, 21, 22, 23, 24, 26, 27, 28, 29, 30, 36, 37, 38, 39, 41, 42, 48, 50, 55, 57, 58, 59, 60, 61,

62, 63, 64, 65, 66, 67, 68, 72, 73, 74, 77, 78, 79, 80, 83, 85, 86, 87, 90, 91, 92, 95, 98, 100,

102, 103, 104, 105, 110, 111,  of the Complaint,  and refer all questions of law to the Court

including paragraphs 11, 12, 70, 71, 76, 82, 84, 88, 89, 94, 96, 97, and 109.

  b.      Deny the allegations contained in paragraphs 56, 99, 106, 107, 113, and 114

of the Complaint as pertain to the answering defendant but deny knowledge and

1

information sufficient to form a belief as to the truth of the allegations contained in the remainder of the paragraph and refer all questions of law to the Court.

    c.    As to paragraph 10 of plaintiff's Amended Complaint, admit that Christine Calistri is a Nurse Practitioner but deny the remainder of paragraph 10.

    d.    Admits such part of paragraphs 25, 31, 32, 33 that the plaintiff was a patient of defendant, named herein as Malta Med. Emergent Care, but deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 25, 31, 32, 33.

    e.    Admits such parts of paragraphs 34 that plaintiff was seen by Christine Calistri, a nurse practitioner.

    f.    Admit such part of paragraph 35 that the plaintiff received medication as treatment for her complaints but deny the remainder of paragraph 35.

    g.    Admit such part of paragraph 40 that the answering defendant was in plaintiff's treatment room at various times along with other staff but deny the remainder of paragraph 40 including references to "armed security guards."

    h.    Deny the accuracy of paragraphs 43 and 44.

    i.    Deny paragraphs 45, 46, 47 and 49 as pertain to the answering defendant.

    j.    Deny the accuracy of paragraphs 52, 53, and 54.

    k.    Deny the allegations in paragraph 51 and deny that this answering defendant disclosed protected health information to "plaintiff's boyfriend" and deny this answering defendant disclosed any health information not previously disclosed by plaintiff in multiple social media posts to the world at large and, therefore, plaintiff waived any privacy rights to this information.

2.      As to paragraphs 69, 75, 81, 88, 93, 101, 108, and 112 of the Complaint, defendant repeats, reiterates and re-alleges the responses to each and every allegation, claim, and statement repeated, reiterated, and re-alleged, with the same force and effect as if fully set forth herein at length.

3.      Answering Defendant denies each and every allegation or suballegation of plaintiff's Amended Complaint contained herein not hereinbefore specifically admitted or denied as they relate or pertain to the answering defendant.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

4.      The Complaint fails to state a cause of action or a claim upon which relief may be granted as to this answering defendant.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

5.      Answering defendant alleges that plaintiff's cause of action is untimely commenced and is barred by the applicable statute of limitations.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

6.      Answering defendant alleges that, upon information and belief, plaintiff's economic loss, if any, as specified in Section 4545 of the CPLR was replaced or indemnified in whole or in part from collateral sources and the answering defendant is entitled to have the Court consider same in determining such special damages, as provided in CPLR § 4545.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

7.      Answering defendant alleges that the injuries and damages to the plaintiff were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of the plaintiff, and/or third persons over whom this defendant exercised no control, and such

alleged damages should be fully or partially diminished by said culpable conduct and want of care pursuant to CPLR Article 14-A.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8.     The Court lacks personal jurisdiction over the answering defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

9.     This action should be dismissed based upon plaintiff's failure to state a cause of action for medical malpractice and/or for breach of confidentiality as alleged in plaintiff's causes of action VI and VIII.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

10.     Answering defendant alleges that plaintiff failed to mitigate her damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

11.     Answering defendant alleges that plaintiff is not entitled to all of the relief demanded in the plaintiff's Complaint herein.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

12.     Answering defendant alleges that at the time of the incident herein alleged, the plaintiff engaged in conduct that she knew, or should have known, could result in injury to herself and therefore she assumed the risk of injury resulting from said actions.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

13.     The Complaint or parts thereof must be stricken as redundant, immaterial and/or scandalous pursuant to FRCP Rule 12 (f).

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

14.     If answering defendant is liable at all, answering defendant's liability is 50 percent or less of the total liability assigned to all persons liable. By reason thereof, the liability of the

answering defendant to the plaintiff for non-economic loss shall not exceed answering defendants' equitable share of liability determined in accordance with the relative culpability for each person causing or contributing to the total liability for non-economic loss.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

15. At those times described in the plaintiff's Complaint, the answering defendant acted in a reasonable manner, in good faith, without malice and her actions were justified.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

16. The claim for punitive or exemplary damages, alleged by the Plaintiff is based upon vague and undefined standards of liability, and is thus barred by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and the Constitution of the State of New York.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff has no right to privacy pertaining to TikTok and other social media posts and this complaint therefore fails to state any cause of action as against this answering defendant and/or plaintiff waived any right to privacy of her protected health care information by posting the details of her care at Malta Med Emergent Care in several social media sites including, but not limited to, TikTok, Instagram and/or YouTube posts including, but not limited to, posts on September 23, 2022 wherein she disclosed the date of her treatment, location of her care, her symptoms, her treatment, the name of her providers, a map to find her providers including the answering defendant, portions of her medical records and other details to the public at large including any person with access to the internet or a smart phone.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

18. The answering defendant had the right and authority to access plaintiff's location under the circumstances then and there existing including protecting the safety and privacy of patients and/or employees.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

19. Any award for punitive damages would violate the Answering Defendant's Due Process Rights as a punitive damage award would constitute deprivation of property without due process of law.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

20. That the plaintiff is not entitled to the multiple recoveries from this answering defendant demanded in the plaintiff's Complaint.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

21. Answering defendant did not deprive the plaintiff of any rights, privileges or immunities protected by the laws, rules, regulations of the State of New York .

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

22. Plaintiffs' claims against this answering defendant, and any judgment that the plaintiffs receive against this answering defendant, must be reduced to the extent of any amount received by the plaintiffs from other tortfeasors pursuant to General Obligations Law Section 15-108, and in the event that the plaintiffs settle with any codefendant or other tortfeasor, or discontinues against any codefendant, the answering defendant reserves its rights under General Obligations Law Section 15-108 to prove any negligence against said codefendants and/or tortfeasors at trial.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

23.     That in the event of a settlement and/or release from liability of this matter with one or more of the co-defendants and/or tortfeasors, the answering defendant is entitled to an offset in the amount of the settlement or equitable share whichever is greatest pursuant to General Obligations Law Section 15-108 and CPLR Article 14.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

24.     Plaintiff lacks standing and/or capacity to sue.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

25.     Any and all acts of the answering defendant were performed in good faith and without malice or deliberate indifference.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

26.     The relative culpability of each party, including the plaintiff, should be determined in accordance with decisional and statutory law and the equitable shares of each party's liability for contribution should be determined and apportioned in accordance with relative culpability.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

27.     The malpractice about which plaintiff complains did not rise to the level which amounts to a deviation from accepted standards of care.

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

28.     No act or omission of these answering defendants was malicious, willful, wanton, reckless, outrageous, extreme, or grossly negligent and the action of the Answering Defendant was justified and objectively reasonable.

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**

29.     That plaintiff has not met the conditions precedent to the commencement of this action as required by law.

**AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

30.     The Answering Defendant was exercising her best judgment under the circumstances there and then existing including plaintiff's posting a video from her treatment room to social media.

**AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

31.     The Answering Defendant was performing functions and her conduct did not violate clearly established standards of accepted practice of which a reasonable provider would or should have known.

**AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE**

32.     The Court lacks subject matter jurisdiction over this matter as any claims against this answering defendant sound in New York Law.

**AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE**

33.     The Complaint is barred as the plaintiff has failed to state injuries from the alleged "medical malpractice."

**AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE**

34.     Plaintiff fails to comply with certificate of merit requirement in a medical, dental, or podiatric malpractice action pursuant to N.Y. CPLR §§ 3012-a.

**AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE**

35.     The plaintiff has no right to privacy in posts she made to social media such that sharing information as to these posts does not state a claim to any privacy violation.

8

**AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE**

36.     The answering defendant affirmatively pleads that she is not liable to plaintiff for any attorneys' fees, travel expenses  and/or costs in this action and, therefore, this relief must be stricken.

**AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE**

37.     Plaintiff's demands for equitable relief are improper and must be stricken as against this answering defendant.

**AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE**

38.     The Amended Complaint does not conform to Federal Rules of Civil Procedure in that plaintiff fails to  state her claims in numbered paragraphs, each limited as far as practicable, to a single set of circumstances and are thus improper and must be dismissed as to this answering defendant.

**AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE**

39.     The answering defendant is not liable to plaintiff for any damages arising from claims relating to those causes of action, or parts thereof,  dismissed as against this answering defendant pursuant to the Order of Hon. Brenda K. Sannes, Chief US District Judge as filed September 4, 2024.


(remainder of page intentionally left blank)

**WHEREFORE**, the answering defendant, Christine Calistri, demands judgment dismissing the plaintiff's Complaint, together with the costs and disbursements of this action.

Dated:    February 25, 2024

Yours, etc.,

**MAYNARD, O'CONNOR, SMITH**
  **& CATALINOTTO, LLP**

/s/ *Karen A. Butler*
Karen A. Butler
Bar Roll No.:  508049
Attorneys for Defendants,
  Lisa West and Christine Calistri
6 Tower Place
Albany, New York  12203
(518) 465-3553
butler@moscllp.com

TO:   **EISENBERG & BAUM, LLP**
     24 Uinon Square East, PH
     New York, NY  10003
     RLubin@eandblaw.com

cc:   **BARCLAY DAMON, LLP**
     Attorneys for Defendant,
      Jonathan Braiman
     80 State Street
     Albany, New York 12207
     mjmurphy@barclaydamon.com

     **BOND, SCHOENECK & KING, PLLC**
     Attorneys for Defendants,
      Donna Kirker, Albany Med Health Partners (Systems),
      Glens Falls Hospital, Saratoga Hospital, and
      22 Corporate Woods Boulevard
     Suite 501
     Albany, New York 12211
     mbillok@bsk.com

cc: **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
Attorneys for Defendants:
Malta Med Emergent Care
  James P. Brodie, Esq.
  Benjamin Mehic, Esq.
200 Great Oaks Boulevard, Suite 228
Albany, NY  12203
james.brodie@wilsonelser.com

4899-5989-9935, v. 1

11