UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TARA RULE,

*Plaintiff,*

-*against*-

JONATHAN BRAIMAN, DONNA KIRKER, LISA WEST,
CHRISTINE CALISTRI, ALBANY MED HEALTH PARTNERS
SYSTEMS, GLENS FALLS HOSPITAL, SARATOGA HOSPITAL
and MALTA MED EMERGENT CARE,

*Defendants.*

**ANSWER TO SECOND
AMENDED COMPLAINT**

**Civil Action No. 1:23-cv-01218**

Defendant, JONATHAN BRAIMAN, (hereinafter "defendant"), through their attorney

Barclay Damon LLP, Michael J. Murphy, of counsel as an for its answer to the plaintiff's February

12, 2025 Second Amended Complaint, (hereinafter " Complaint") states as follows:

## PARTIES

1. Defendant denies knowledge and information sufficient to form a belief as to the
paragraph numbered "1" of the Complaint.

2. Defendant denies knowledge and information sufficient to form a belief as to the
paragraph numbered "2" of the Complaint.

3. Defendant denies knowledge and information sufficient to form a belief as to the
paragraph numbered "3" of the Complaint.

4. Defendant denies knowledge and information sufficient to form a belief as to the
paragraph numbered "4" of the Complaint.

5. Defendant denies knowledge and information sufficient to form a belief as to the
paragraph numbered "5" of the Complaint.

6. Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "6" of the Complaint.

7. Defendant admits that he is an individual and a neurologist and denies knowledge and information sufficient to form a belief as to the meaning of "in the Department of Neurology at Glens Falls Hospital".

8. Defendant denies paragraph designated "8" of the Complaint.

9. Defendant denies paragraph designated "9" of the Complaint.

10. Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "10" of the Complaint.

## JURISDICTION AND VENUE

11. Defendant denies those allegations of paragraph "11" as they relate to answering defendant and otherwise denies knowledge and information sufficient to form a belief as to the remainder of the allegations of said paragraph and refers all questions of law to the court for determination.

12. Defendant denies those allegations of paragraph "12" as they relate to answering defendant and otherwise denies knowledge and information sufficient to form a belief as to the remainder of the allegations of said paragraph and refers all questions of law to the court for determination.

## STATEMENT OF FACTS

### A. September 14, 2022 – Neurologist Jonathan Braiman, M.D.

13. Defendant admits that on or about September 14, 2022, Plaintiff was seen by him and denies knowledge and information sufficient to form a belief as to the allegations regarding the alleged cluster headaches.

30781162.1

14. Defendant admits that he and Plaintiff had a discussion and otherwise denies knowledge or information sufficient to form a belief as to Plaintiff's characterization and summary of the conversation.

15. Defendant denies paragraph designated "15" of the Complaint.

16. Defendant denies knowledge and information sufficient to form a belief as to the accuracy and completeness of Plaintiff's characterization and summary of the discussion.

17. Defendant denies knowledge and information sufficient to form a belief as to what he was doing when Plaintiff allegedly began surreptitiously recording the "interaction".

18. Defendant denies knowledge and information sufficient to form a belief as to the accuracy and completeness of Plaintiff's characterization and summary of the discussion.

19. Defendant denies knowledge and information sufficient to form a belief as to the accuracy and completeness of Plaintiff's characterization and summary of the discussion.

20. Defendant denies knowledge and information sufficient to form a belief as to the accuracy and completeness of Plaintiff's characterization and summary of the discussion.

21. Defendant denies knowledge and information sufficient to form a belief as to the accuracy and completeness of Plaintiff's characterization and summary of the discussion.

22. Defendant denies knowledge and information sufficient to form a belief as to the accuracy and completeness of Plaintiff's characterization and summary of the discussion.

23. Defendant denies paragraph designated "23" of the Complaint.

24. Defendant denies paragraph designated "24" of the Complaint.

25. Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "25" of the Complaint.

26. Defendant denies knowledge and information sufficient to form a belief as to what allegedly occurred on or about September 22, 2022, that he sent in Aimovig, a mediation, to Plaintiff's pharmacy and denies that he took any action without consent or discussing the risks and benefits of the medication. Defendant denies knowledge and information sufficient to form a belief as to whether Plaintiff returned the Aimovig to the pharmacy after reading the warnings and side effects, and denies knowledge or information sufficient to form a belief as to what was contained in warnings or side effects that plaintiff allegedly read.

27. Defendant denies paragraph designated "27" of the Complaint.

28. Defendant denies knowledge and information sufficient to form a belief as to whether Plaintiff made a formal complaint to the Glens Falls Hospital Patient Relations on or about September 15, 2022. Defendant denies that plaintiff was treated differently due to her disability and because she was a woman of childbearing age. Defendant denies knowledge and information sufficient to form a belief as to whether Plaintiff also submitted the above-mentioned recording of her interaction with him with her complaint.

29. Defendant denies knowledge and information sufficient to form a belief as to whether or about September 24, 2022, Plaintiff emailed Glens Falls Hospital patient relations department and denies reiterated that she was treated differently by Defendant due to her disability, age and sex.

30. Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "30" of the Complaint.

**B. September 21, 2022 – Malta Med Emergent Care**

31. Defendant denies those allegations of paragraph "31" as they relate to answering defendant and otherwise denies knowledge or information sufficient to form a belief as to the remainder of the allegations of said paragraph.

32.  Defendant denies those allegations of paragraph "32" as they relate to answering defendant and otherwise denies knowledge or information sufficient to form a belief as to the remainder of the allegations of said paragraph.

33.  Defendant denies those allegations of paragraph "33" as they relate to answering defendant and otherwise denies knowledge or information sufficient to form a belief as to the remainder of the allegations of said paragraph.

34.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "34" of the Complaint.

35.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "35" of the Complaint.

36.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "36" of the Complaint.

37.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "37" of the Complaint.

38.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "38" of the Complaint.

39.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "39" of the Complaint.

40.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "40" of the Complaint.

41.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "41" of the Complaint.

42.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "42" of the Complaint.

43.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "43" of the Complaint.

44.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "44" of the Complaint.

45.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "45" of the Complaint.

46.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "46" of the Complaint.

47.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "47" of the Complaint.

48.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "48" of the Complaint.

49.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "49" of the Complaint.

**C. Google Review, Calistri's Social Media Messages, and Additional Complaints**

50.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "50" of the Complaint.

51.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "51" of the Complaint.

52.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "52" of the Complaint.

53.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "53" of the Complaint.

54.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "54" of the Complaint.

55.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "55" of the Complaint.

56.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "56" of the Complaint.

**D.  Plaintiff's Attempts to Find New Neurologist**

57.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "57" of the Complaint.

58.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "58" of the Complaint.

59.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "59" of the Complaint.

60.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "60" of the Complaint.

61.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "61" of the Complaint.

62.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "62" of the Complaint.

**G.  Damages**

63.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "63" of the Complaint.

64.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "64" of the Complaint.

65.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "65" of the Complaint.

66.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "66" of the Complaint.

67.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "67" of the Complaint.

68.  Defendant denies those allegations of paragraph "68" as they relate to answering defendant and otherwise denies knowledge or information sufficient to form a belief as to the remainder of the allegations of said paragraph.

## CAUSES OF ACTION

## COUNT I

### DISCRIMINATION IN VIOLATION OF THE AFFORDABLE CARE ACT
### (Against Defendants Albany Med and Glens Falls Hospital)

69.  Repeats and reiterates each and every admission and denial to the allegations set forth in paragraph "69" of the Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraphs designated 1-68 of the Complaint.

70.  Defendant denies knowledge or information sufficient to form a belief as to the allegations of said paragraph "70" and refers all questions of law to the court for determination.

71. Defendant denies knowledge or information sufficient to form a belief as to the allegations of said paragraph "71" and refers to the ACA for contents thereof and refers all questions of law to the court for determination.

72. Defendant denies knowledge or information sufficient to form a belief as to the allegations of said paragraph "72" and refers all questions of law to the court for determination.

73. Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "73" of the Complaint.

74. Defendant denies those allegations of paragraph "74" as they relate to answering defendant and otherwise denies knowledge or information sufficient to form a belief as to the remainder of the allegations of said paragraph.

**COUNT II**

**RETALIATION IN VIOLATION OF THE AFFORDABLE CARE ACT**
**(Against the Hospital Defendants)**

75. Repeats and reiterates each and every admission and denial to the allegations set forth in paragraph "75" of the Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraphs designated 1-74 of the Complaint.

76. Defendant denies knowledge or information sufficient to form a belief as to the allegations of said paragraph "76" and refers all questions of law to the court for determination.

77. Defendant denies those allegations of paragraph "77" as they relate to answering defendant and otherwise denies knowledge or information sufficient to form a belief as to the remainder of the allegations of said paragraph.

78. Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "78" of the Complaint.

79. Defendant denies those allegations of paragraph "79" as they relate to answering defendant and otherwise denies knowledge or information sufficient to form a belief as to the remainder of the allegations of said paragraph.

80. Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "80" of the Complaint.

## COUNT III

### DISCRIMINATION IN VIOLATION OF THE NEW YORK HUMAN RIGHTS LAW
### (Against Defendants Albany Med and Glens Falls Hospital)

81. Repeats and reiterates each and every admission and denial to the allegations set forth in paragraph "81" of the Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraphs designated 1-80 of the Complaint.

82. Defendant denies knowledge or information sufficient to form a belief as to the allegations of said paragraph "82" and refers all questions of law to the court for determination.

83. Defendant denies knowledge or information sufficient to form a belief as to the allegations of said paragraph "83" and refers all questions of law to the court for determination.

84. Defendant denies knowledge or information sufficient to form a belief as to the allegations of said paragraph "84" and refers to the N.Y. Executive Law § 296(2)(a) for complete contents thereof and refers all questions of law to the court for determination.

85. Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "85" of the Complaint.

86. Defendant denies knowledge or information sufficient to form a belief as to the allegations of said paragraph "86" and refers all questions of law to the court for determination.

87. Defendant denies knowledge or information sufficient to form a belief as to the allegations of said paragraph "87" and refers all questions of law to the court for determination.

30781162.1

## COUNT IV

### RETALIATION IN VIOLATION OF THE NEW YORK HUMAN RIGHTS LAW
### (Against the Hospital Defendants)

88.  Repeats and reiterates each and every admission and denial to the allegations set forth in paragraph "88" of the Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraphs designated 1-87 of the Complaint.

89.  Defendant denies knowledge or information sufficient to form a belief as to the allegations of said paragraph "89" and refers all questions of law to the court for determination.

90.  Defendant denies those allegations of paragraph "90" as they relate to answering defendant and otherwise denies knowledge or information sufficient to form a belief as to the remainder of the allegations of said paragraph.

91.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "91" of the Complaint.

92.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "92" of the Complaint.

## COUNT V

### VIOLATION OF THE EMERGENCY MEDICAL TREATMENT AND LABOR ACT
### (Against Defendants Malta Med Emergent Care, Saratoga Hospital and Albany Med)

93.  Repeats and reiterates each and every admission and denial to the allegations set forth in paragraph "93" of the Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraphs designated 1-92 of the Complaint.

94.  Defendant denies knowledge or information sufficient to form a belief as to the allegations of said paragraph "94" and refers all questions of law to the court for determination.

95.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "95" of the Complaint.

96.  Defendant denies knowledge or information sufficient to form a belief as to the allegations of said paragraph "96" and refers all questions of law to the court for determination.

97.  Defendant denies knowledge or information sufficient to form a belief as to the allegations of said paragraph "97" and refers all questions of law to the court for determination.

98.  Defendant denies those allegations of paragraph "98" as they relate to answering defendant and otherwise denies knowledge or information sufficient to form a belief as to the remainder of the allegations of said paragraph.

99.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "99" of the Complaint.

100. Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "100" of the Complaint.

## MEDICAL MALPRACTICE (NEGLIGENCE)
### (Against Defendant Braiman, the Hospital Defendants and Defendant Calistri)

101. Repeats and reiterates each and every admission and denial to the allegations set forth in paragraph "101" of the Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraphs designated 1-100 of the Complaint.

102. Defendant denies those allegations of paragraph "102" as they relate to answering defendant and otherwise denies knowledge or information sufficient to form a belief as to the remainder of the allegations of said paragraph.

103. Defendant denies paragraph designated "103" of the Complaint.

104. Defendant denies that he subsequently sent in an injectable medication (Aimovig) to Plaintiff's pharmacy without her consent or discussing the risks and benefits of the medication

and denies knowledge and information sufficient to form a belief as to whether Plaintiff returned anything to a pharmacy  to the pharmacy.

105. Defendant denies paragraph designated "105" of the Complaint.

106. Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "106" of the Complaint.

107. Defendant denies those allegations of paragraph "107" as they relate to answering defendant and otherwise denies knowledge or information sufficient to form a belief as to the remainder of the allegations of said paragraph.

## COUNT VII

## NEGLIGENCE PER SE
### (Against Defendants Malta Med Emergent Care, Saratoga Hospital and Albany Med)

108.  Repeats and reiterates each and every admission and denial to the allegations set forth in paragraph "108" of the Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraphs designated 1-100 of the Complaint.

109.  Defendant denies knowledge or information sufficient to form a belief as to the allegations of said paragraph "109" and refers all questions of law to the court for determination.

110.  Defendant denies knowledge or information sufficient to form a belief as to the allegations of said paragraph "110" and refers all questions of law to the court for determination.

111.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "111" of the Complaint.

## COUNT VIII

**BREACH OF CONFIDENTIALITY**
**(Against Hospital Defendants and Defendants Calistri, West and Kirker)**

112.  Repeats and reiterates each and every admission and denial to the allegations set forth in paragraph "112" of the Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraphs designated 1-111 of the Complaint.

113.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "113" of the Complaint.

114.  Defendant denies knowledge and information sufficient to form a belief as to the paragraph numbered "114" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

115. Upon information and belief, this Court lacks subject matter jurisdiction over  Court VI in the Second Amended Complaint.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

116. The Second Amended Complaint fails to state any cause of action as against the answering Defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

117.  The injuries and damages, if any, allegedly sustained by Plaintiff was caused or contributed to, in whole or in part, by culpable conduct attributable to some other person or persons over whom Defendant exercised and exercises no control, without any fault or negligence on the part of the Defendant contributing thereto.

118.    By reason of the foregoing, the amount of any damages otherwise recoverable by Plaintiff against the Defendant should be diminished in proportion to such culpable conduct attributable to such other person or persons unknown to the Defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

119.    Whatever damages and injuries, if any, which were sustained by the Plaintiff, was proximately caused by superseding and/or intervening causes and not by any action or omission of the Defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

120.    Plaintiff failed to mitigate or otherwise act to lessen or reduce the injury and damage, if any, allegedly resulting from the occurrence complained of in the Second Amended Complaint.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

121.    Any award of punitive damages claimed by Plaintiff would violate the Fifth, Eighth, and Fourteenth Amendments, and the Contracts Clause, of the Constitution of the United States and the Constitution of the State of New York upon the following separate grounds:

   A.    An award of punitive damages would violate the Defendant's right to due process.

   B.    An award of punitive damages would violate the Defendant's right to equal protection of the laws.

   C.    An award of punitive damages would violate the guarantee that excessive fines shall not be imposed.

   D.    An award of punitive damages would violate the prohibition against impairing the obligation of contracts.

   E.    The procedures relating to the imposition of such damages improperly fail to provide objective

standards limiting the award of, and amount of, punitive damages.

F.  The procedures relating to the imposition of such damages improperly allow the admission of evidence relevant to punitive damages, in the same proceeding during which liability and compensatory damages are determined.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

122.  Upon information and belief, some or all of Plaintiff's damages will be replaced or indemnified, in whole or in part, from collateral sources, and Defendant is, therefore, entitled to a collateral source offset under CPLR Section 4545.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

123.  Plaintiff has failed to plead any claim against answering Defendant that would support or justify an award of punitive damages.

## AS AND FOR A NINETH AFFIRMATIVE DEFENSE

124.  Plaintiff is not entitled to attorney fees under the claim she has pled against answering Defendant.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

125.  Plaintiff is not entitled to injunctive, declaratory or equitable relief under the claims she has pled against answering Defendants.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

126.  Answering Defendant alleges that Plaintiff's cause of action is untimely commenced and is barred by the applicable statute of limitations.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

127.  Answering Defendant alleges that Plaintiff failed to mitigate her damages.

30781162.1

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

128.    If answering Defendant is liable at all, answering Defendant's liability is 50 percent or less of the total liability assigned to all persons liable.  By reason thereof, the liability of the answering Defendant to the Plaintiff for non-economic loss shall nor exceed answering Defendants' equitable share of liability determined in accordance with the relative culpability for each person causing or contributing to the total liability for non-economic loss.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

129.    At those times described in the Plaintiff's Second Amended Complaint, the answering Defendant acted in a reasonable manner, in good faith, without malice and his actions were justified.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

130.    Plaintiff's claims against this answering Defendant and any judgment that the Plaintiff received against this answering Defendant, must be reduced to the extent of any amount received by the Plaintiff from other tortfeasors pursuant to General Obligations Law Section 15-108, and in the event that the plaintiff settled with any codefendant or other tortfeasor, or discontinues against any codefendant, the answering Defendant reserves its rights under General Obligations Law Section 15-108 to prove any negligence against said codefendants and/or tortfeasors at trial.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

131.    That in the event of a settlement and/or release from liability of this matter with one or more of the codefendants and/or tortfeasors, the answering Defendant is entitled to an offset in the amount of the settlement or equitable share whichever is greatest pursuant to General Obligations Law Section 15-108 and CPLR Article 14.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

132.    The malpractice about which Plaintiff complains did not rise to the level which amounts to a deviation from accepted standard of care.

**AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE**

133.    That Plaintiff has not met the conditions precedent to the commencement of this action as required by law.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

134.    The answering Defendant was performing functions and his conduct did not violate clearly established standards of accepted practice of which a reasonable provider would or should have known.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

135.    The Court lacks subject matter jurisdiction over this matter as any claims against this answering Defendant sound in New York Law.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

136.    The Second Amended Complaint is barred as the Plaintiff has failed to state injuries from the alleged "medical malpractice."

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

137.    Plaintiff fails to comply with certificate of merit requirement in a medical, dental or podiatric malpractice action pursuant to N.Y. CPLR §§ 3012-a.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

138.    The answering Defendant affirmatively pleads that he is not liable to Plaintiff for any attorneys' fees, travel, expenses and/or costs in this action and therefore, this relief must be stricken.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

139.   Plaintiff's demands for equitable relief are improper and must be stricken as against this answering Defendant.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

140.   The answering Defendant is not liable to Plaintiff for any damages arising from claims relating to those causes of action, or parts thereof, dismissed as against this answering Defendant pursuant to the Order of Hon. Brenda K. Sannes, Chief US District Judge as filed September 4, 2024.

**WHEREFORE,** Defendant respectfully request that this Court dent the relief requested in Plaintiff's Complaint, dismiss the Complaint with prejudice, and grant such other relief as to the court deems just, fair and proper.

DATED:  March 3, 2025                    **BARCLAY DAMON LLP**

By: _____
Michael J. Murphy
*Attorneys for Defendant,*
*Jonathan Braiman, M.D.*
80 State Street
Albany, New York 12207
Telephone: (518) 429-4200
Email: mjmurphy@barclaydamon.com

TO:   **EISENBERG & BAUM, LLP**
24 Union Square East, PH
New York, New York 10003
Rlubin@eandblaw.com

CC:   **BOND, SCHOENECK & KING, PLLC**
22 Corporate Woods Blvd
Suite 501
Albany, New York 12211
mbillok@bsk.com

30781162.1

**MAYNARD, O'CONNOR, SMITH
  & CATALINOTTO, LLP**
6 Tower Place
Albany, New York 12203
butler@moscllp.com

**WILSON ELSER MOSKOWITZ
  EDELMAN & DICKER LLP**
200 Great Oaks Blvd.
Suite 228
Albany, New York 12203
James.brodie@wilsonelser.com