UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TARA RULE,

                       Plaintiff,

            v.

JONATHAN BRAIMAN, DONNA KIRKER, LISA
WEST, CHRISTINE CALISTRI (TOWERS),
ALBANY MED HEALTH PARTNERS
(SYSTEMS), GLENS FALLS HOSPITAL,
SARATOGA HOSPITAL, and MALTA MED
EMERGENT CARE,

                     Defendants.

_____

**<u>ELECTRONICALLY FILED</u>**

**<u>ANSWER TO SECOND
AMENDED COMPLAINT</u>**

Civil Action No. 1:23-cv-01218
(BKS) (PJE)

Defendants Albany Med Health System (incorrectly named as Albany Med Health
Partners Systems), Glens Falls Hospital, The Saratoga Hospital, and Donna Kirker
(collectively, the "Defendants"), by and through their attorneys, Bond, Schoeneck & King,
PLLC, submit the following as and for their Answer to the Second Amended Complaint of
Plaintiff Tara Rule ("Plaintiff"):

<u>**PARTIES**</u>

        1.     Defendants deny knowledge and information sufficient to form a
belief as to the truth of the allegations contained in Paragraph "1" of the Second Amended
Complaint, and on that basis, deny such allegations.

        2.     Defendants deny the allegations contained in Paragraph "2" of the
Second Amended Complaint.

        3.     Defendants admit the allegations contained in Paragraph "3" of the
Second Amended Complaint.

4.      Defendants admit the allegations contained in Paragraph "4" of the Second Amended Complaint.

5.      Defendants admit the allegations contained in Paragraph "5" of the Second Amended Complaint.

6.      Defendants admit the allegations contained in Paragraph "6" of the Second Amended Complaint.

7.      Defendants admit Dr. Jonathan Braiman is a neurologist and otherwise deny the allegations contained in Paragraph "7" of the Second Amended Complaint.

8.      Defendants admit Defendant Donna Kirker is the Senior Vice President/Patient Services and Chief of Nursing at Glens Falls Hospital.  Defendants deny the remaining allegations contained in Paragraph "8" of the Second Amended Complaint.

9.      Defendants admit that Defendant Lisa West was an employee of Saratoga Hospital, and otherwise deny the allegations contained in Paragraph "9" of the Second Amended Complaint.

10.      Defendants admit Defendant Christine Calistri is a nurse practitioner, and otherwise deny the allegations contained in Paragraph "10" of the Second Amended Complaint.

## JURISDICTION AND VENUE

11.      The allegations contained in Paragraph "11" of the Second Amended Complaint state a legal basis of jurisdiction to which no response is required.  To the extent, if any, that this paragraph may be read to set forth allegations of fact, Defendants deny such allegations.

12.     The allegations contained in Paragraph "12" of the Second Amended Complaint state a legal basis of jurisdiction to which no response is required.  To the extent, if any, that this paragraph may be read to set forth allegations of fact, Defendants deny such allegations.

## **STATEMENT OF FACTS**

### **A.  September 14, 2022 – Neurologist Jonathon Braiman, M.D.**

13.     Defendants admit that Plaintiff sought care from Dr. Jonathan Braiman, and otherwise deny knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph "13" of the Second Amended Complaint, and on that basis, deny such allegations.

14.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "14" of the Second Amended Complaint, and on that basis, deny such allegations.

15.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "15" of the Second Amended Complaint, and on that basis, deny such allegations.

16.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "16" of the Second Amended Complaint, and on that basis, deny such allegations.

17.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "17" of the Second Amended Complaint, and on that basis, deny such allegations.

21173027.v5-3/6/25

18.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "18" of the Second Amended Complaint, and on that basis, deny such allegations.

19.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "19" of the Second Amended Complaint, and on that basis, deny such allegations.

20.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "20" of the Second Amended Complaint, and on that basis, deny such allegations.

21.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "21" of the Second Amended Complaint, and on that basis, deny such allegations.

22.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "22" of the Second Amended Complaint, and on that basis, deny such allegations.

23.     Defendants deny the allegations contained in Paragraph "23" of the Second Amended Complaint.

24.     Defendants deny the allegations contained in Paragraph "24" of the Second Amended Complaint.

25.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "25" of the Second Amended Complaint, and on that basis, deny such allegations.

21173027.v5-3/6/25

26.     Defendants deny the allegations contained in Paragraph "26" of the Second Amended Complaint.

27.     Defendants deny the allegations contained in Paragraph "27" of the Second Amended Complaint.

28.     Defendants admit that Plaintiff made a complaint, and otherwise deny the allegations contained in Paragraph "28" of the Second Amended Complaint.

29.     Defendants admit that Plaintiff made a complaint, and otherwise deny the allegations contained in Paragraph "29" of the Second Amended Complaint.

30.     Defendants admit the allegations contained in Paragraph "30" of the Second Amended Complaint.

**B. September 21, 2022 – Malta Med Emergent Care**

31.     Defendants admit that Plaintiff went to Malta Med Emergent Care on September 21, 2022, and otherwise deny the allegations contained in Paragraph "31" of the Second Amended Complaint.

32.     Defendants deny the allegations contained in Paragraph "32" of the Second Amended Complaint.

33.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "33" of the Second Amended Complaint, and on that basis, deny such allegations.

34.     Defendants admit the allegations contained in Paragraph "34" of the Second Amended Complaint.

21173027.v5-3/6/25

35.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "35" of the Second Amended Complaint, and on that basis, deny such allegations.

36.    Defendants deny the allegations contained in Paragraph "36" of the Second Amended Complaint.

37.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "37" of the Second Amended Complaint, and on that basis, deny such allegations.

38.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "38" of the Second Amended Complaint, and on that basis, deny such allegations.

39.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "39" of the Second Amended Complaint, and on that basis, deny such allegations.

40.    Defendants deny the allegations contained in Paragraph "40" of the Second Amended Complaint.

41.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "41" of the Second Amended Complaint, and on that basis, deny such allegations.

42.    Defendants refer the Court to the document referenced for a true and accurate account of what is set forth therein, and otherwise deny the allegations in Paragraph "42" of the Second Amended Complaint.

43.      Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "43" of the Second Amended Complaint, and on that basis, deny such allegations.

44.      Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "44" of the Second Amended Complaint, and on that basis, deny such allegations.

45.      Defendants deny the allegations contained in Paragraph "45" of the Second Amended Complaint.

46.      Defendants deny the allegations contained in Paragraph "46" of the Second Amended Complaint.

47.      Defendants refer the Court to the document referenced for a true and accurate account of what is set forth therein, and otherwise deny the allegations in Paragraph "47" of the Second Amended Complaint.

48.      Defendants deny the allegations contained in Paragraph "48" of the Second Amended Complaint.

49.      Defendants deny the allegations contained in Paragraph "49" of the Second Amended Complaint.

**C. Google Review, Calistri's Social Media Messages, and Additional Complaints**

50.      Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "50" of the Second Amended Complaint, and on that basis, deny such allegations.

21173027.v5-3/6/25

51.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "51" of the Second Amended Complaint, and on that basis, deny such allegations.

52.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "52" of the Second Amended Complaint, and on that basis, deny such allegations.

53.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "53" of the Second Amended Complaint, and on that basis, deny such allegations.

54.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "54" of the Second Amended Complaint, and on that basis, deny such allegations.

55.    Defendants admit Plaintiff sent electronic complaints to patient relations at Defendants Glens Falls Hospital, Saratoga Hospital, and Albany Med Health System.  Defendants deny the remaining allegations contained in Paragraph "55" of the Second Amended Complaint.

56.    Defendants deny the allegations contained in Paragraph "56" of the Second Amended Complaint.

**D.  Plaintiff's Attempts to Find a New Neurologist**

57.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "57" of the Second Amended Complaint, and on that basis, deny such allegations.

58.     Defendants deny the allegations contained in Paragraph "58" of the Second Amended Complaint.

59.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "59" of the Second Amended Complaint, and on that basis, deny such allegations.

60.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "60" of the Second Amended Complaint, and on that basis, deny such allegations.

61.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "61" of the Second Amended Complaint, and on that basis, deny such allegations.

62.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "62" of the Second Amended Complaint, and on that basis, deny such allegations.

**G. Damages**

63.     Defendants deny the allegations in Paragraph "63" of the Second Amended Complaint.

64.     Defendants deny the allegations contained in Paragraph "64" of the Second Amended Complaint.

65.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "65" of the Second Amended Complaint, and on that basis, deny such allegations.

21173027.v5-3/6/25

66.     Defendants deny the allegations contained in Paragraph "66" of the Second Amended Complaint.

67.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "67" of the Second Amended Complaint, and on that basis, deny such allegations.

68.     Defendants deny the allegations contained in Paragraph "68" of the Second Amended Complaint.

## CAUSES OF ACTION

## COUNT I

## DISCRIMINATION IN VIOLATION OF THE AFFORDABLE CARE ACT
### (Against Defendants Albany Med and Glens Falls Hospital)

69.     Defendants repeat their responses to the preceding paragraphs as if fully set forth herein.

70.     The allegations contained in Paragraph "70" of the Second Amended Complaint are a restatement of law to which no response is required.  To the extent, if any, that this paragraph may be read to set forth allegations of fact, Defendants deny such allegations.

71.     The allegations contained in Paragraph "71" of the Second Amended Complaint are a restatement of law to which no response is required.  To the extent, if any, that this paragraph may be read to set forth allegations of fact, Defendants deny such allegations.

72.     The allegations in Paragraph "72" of the Second Amended Complaint state a legal conclusion to which no response is required.  To the extent, if any,

that this paragraph may be read to set forth any allegations of fact, Defendants deny the allegations set forth therein.

73.    Defendants deny the allegations contained in Paragraph "73" of the Second Amended Complaint.

74.    Defendants deny the allegations contained in Paragraph "74" of the Second Amended Complaint.

<u>**COUNT II**</u>

<u>**RETALIATION IN VIOLATION OF THE AFFORDABLE CARE ACT**</u>
<u>**(Against the Hospital Defendants)**</u>

75.    Defendants repeat their responses to the preceding paragraphs as if fully set forth herein.

76.    The allegations contained in Paragraph "76" of the Second Amended Complaint are a restatement of law to which no response is required.  To the extent, if any, that this paragraph may be read to set forth allegations of fact, Defendants deny such allegations.

77.    Defendants deny the allegations contained in Paragraph "77" of the Second Amended Complaint.

78.    Defendants deny the allegations contained in Paragraph "78" of the Second Amended Complaint.

79.    Defendants deny the allegations contained in Paragraph "79" of the Second Amended Complaint.

80.    Defendants deny the allegations contained in Paragraph "80" of the Second Amended Complaint.

21173027.v5-3/6/25

## COUNT III

## DISCRIMINATION IN VIOLATION OF THE NEW YORK HUMAN RIGHTS LAW
### (Against Defendants Albany Med and Glens Falls Hospital)

81.     Defendants repeat their responses to the preceding paragraphs as if fully set forth herein.

82.     The allegations contained in Paragraph "82" of the Second Amended Complaint are a restatement of law to which no response is required.  To the extent, if any, that this paragraph may be read to set forth allegations of fact, Defendants deny such allegations.

83.     The allegations in Paragraph "83" of the Second Amended Complaint state a legal conclusion to which no response is required.  To the extent, if any, that this paragraph may be read to set forth any allegations of fact, Defendants deny the allegations set forth therein.

84.     The allegations contained in Paragraph "84" of the Second Amended Complaint are a restatement of law to which no response is required.  To the extent, if any, that this paragraph may be read to set forth allegations of fact, Defendants deny such allegations.

85.     Defendants deny the allegations contained in Paragraph "85" of the Second Amended Complaint.

86.     The allegations contained in Paragraph "86" of the Second Amended Complaint are a restatement of law to which no response is required.  To the extent, if any, that this paragraph may be read to set forth allegations of fact, Defendants deny such allegations.

21173027.v5-3/6/25

87.     Defendants deny the allegations contained in Paragraph "87" of the Second Amended Complaint.

## COUNT IV

### RETALIATION IN VIOLATION OF THE NEW YORK HUMAN RIGHTS LAW
### (Against the Hospital Defendants)

88.     Defendants repeat their responses to the preceding paragraphs as if fully set forth herein.

89.     The allegations contained in Paragraph "89" of the Second Amended Complaint are a restatement of law to which no response is required.  To the extent, if any, that this paragraph may be read to set forth allegations of fact, Defendants deny such allegations.

90.     Defendants deny the allegations contained in Paragraph "90" of the Second Amended Complaint.

91.     Defendants deny the allegations contained in Paragraph "91" of the Second Amended Complaint.

92.     Defendants deny the allegations contained in Paragraph "92" of the Second Amended Complaint.

## COUNT V

### VIOLATION OF THE EMERGENCY MEDICAL TREATMENT AND LABOR ACT
### (Against Defendants Malta Med Emergent Care,
### Saratoga Hospital, and Albany Med)

93.     Defendants repeat their responses to the preceding paragraphs as if fully set forth herein.

94.     The allegations in Paragraph "94" of the Second Amended Complaint state a legal conclusion to which no response is required.  To the extent, if any,

that this paragraph may be read to set forth any allegations of fact, Defendants deny the allegations set forth therein.

95.    Defendants admit the allegations contained in Paragraph "95" of the Second Amended Complaint.

96.    The allegations contained in Paragraph "96" of the Second Amended Complaint are a restatement of law to which no response is required.  To the extent, if any, that this paragraph may be read to set forth allegations of fact, Defendants deny such allegations.

97.    The allegations contained in Paragraph "97" of the Second Amended Complaint are a restatement of law to which no response is required.  To the extent, if any, that this paragraph may be read to set forth allegations of fact, Defendants deny such allegations.

98.    Defendants deny the allegations contained in Paragraph "98" of the Second Amended Complaint.

99.    Defendants deny the allegations contained in Paragraph "99" of the Second Amended Complaint.

100.    Defendants deny the allegations contained in Paragraph "100" of the Second Amended Complaint.

## COUNT VI

## MEDICAL MALPRACTICE (NEGLIGENCE)
### (Against Defendant Braiman, the Hospital Defendants, and Defendant Calistri)

101.    Defendants repeat their responses to the preceding paragraphs as if fully set forth herein.

102.    Defendants deny the allegations contained in Paragraph "102" of the Second Amended Complaint.

103.    Defendants deny the allegations contained in Paragraph "103" of the Second Amended Complaint.

104.    Defendants deny the allegations contained in Paragraph "104" of the Second Amended Complaint.

105.    Defendants admit Plaintiff sought treatment at Malta Med Emergent Care on September 21, 2022, and otherwise deny knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph "105" of the Second Amended Complaint, and on that basis, deny such allegations.

106.    Defendants deny the allegations contained in Paragraph "106" of the Second Amended Complaint.

107.    Defendants deny the allegations contained in Paragraph "107" of the Second Amended Complaint.

## COUNT VII

## NEGLIGENCE PER SE
## (Against Defendants Malta Emergent Care, Saratoga Hospital, and Albany Med)

108.    Defendants repeat their responses to the preceding paragraphs as if fully set forth herein.

109.    The allegations in Paragraph "109" of the Second Amended Complaint state a legal conclusion to which no response is required.  To the extent, if any, that this paragraph may be read to set forth any allegations of fact, Defendants deny the allegations set forth therein.

21173027.v5-3/6/25

110.    Defendants deny the allegations contained in Paragraph "110" of the Second Amended Complaint.

111.    Defendants deny the allegations contained in Paragraph "111" of the Second Amended Complaint.

## COUNT VIII

### BREACH OF CONFIDENTIALITY
### (Against the Hospital Defendants and Defendants Calistri, West, and Kirker)

112.    Defendants repeat their responses to the preceding paragraphs as if fully set forth herein.

113.    Defendants deny the allegations contained in Paragraph "113" of the Second Amended Complaint.

114.    Defendants deny the allegations contained in Paragraph "114" of the Second Amended Complaint.

115.    Defendants deny that Plaintiff is entitled to any relief, including but not limited to the relief requested in the PRAYER FOR RELIEF of the Second Amended Complaint, the headings in the Second Amended Complaint, or any of its subparagraphs.

116.    Defendants otherwise deny all remaining allegations not otherwise expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof of such defenses that it would otherwise not have, and reserving the right to assert additional defenses based on information learned or obtained through discovery, Defendants assert the following:

21173027.v5-3/6/25

## FIRST DEFENSE

117.   The Second Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

118.   Plaintiff's claims are barred to the extent they are, in whole or in part, outside of the statute of limitations.

## THIRD DEFENSE

119.   Plaintiff's claims are barred due to unclean hands.

## FOURTH DEFENSE

120.   Plaintiff failed to exhaust her administrative remedies.

## FIFTH DEFENSE

121.   Defendants provided reasonable care to Plaintiff, and all care provided to Plaintiff met the applicable standards of care.

## SIXTH DEFENSE

122.   At all relevant times, Defendants acted reasonably and in good faith toward Plaintiff and in no way acted wantonly, maliciously, or with any discriminatory motive.  Any claim is therefore barred and/or recovery of damages for such is precluded because Defendants acted in good faith.

## SIXTH DEFENSE

123.   Plaintiff failed to mitigate her damages.

## SEVENTH DEFENSE

124.   Plaintiff's claimed damages are speculative and therefore barred.

**EIGHTH DEFENSE**

125.    Plaintiff's claims for punitive damages are barred because Defendants did not engage in conduct sufficient to permit an award of such punitive damages, and because any award of punitive damages is barred by the U.S. Constitution and New York Constitution.

**NINTH DEFENSE**

126.    Defendants did not act with intent, malice, or with reckless indifference to the rights of Plaintiff.

**TENTH DEFENSE**

127.    Defendants are not responsible for any damages alleged to have been suffered by Plaintiff.

**ELEVENTH DEFENSE**

128.    Plaintiff's claims may be barred or damages limited based on any after-acquired evidence obtained by Defendants in discovery.

**TWELFTH DEFENSE**

129.    Defendant Healthcare Partners of Saratoga, Ltd. (d/b/a Malta Med Emergent Care) is not a hospital and does not have an emergency department and therefore Plaintiff's EMTALA claim is barred.

**THIRTEENTH DEFENSE**

130.    Plaintiff's Invasion of Privacy claim is barred due to Plaintiff publicly posting information regarding her visit to Defendant Healthcare Partners of Saratoga, Ltd. Plaintiff waived any right to privacy of her protected health care information by posting the details of her care at Healthcare Partners of Saratoga, Ltd. in several social media sites

18

including, but not limited to, TikTok, Instagram and/or YouTube posts including, but not limited to, posts on September 23, 2022 wherein she disclosed the date of her treatment, location of her care, her symptoms, her treatment, the name of her providers, a map to find her providers including the answering defendant, portions of her medical records and other details to the public at large including any person with access to the internet or a smart phone.

## FOURTEENTH DEFENSE

131.    Plaintiff's alleged injuries and damages were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of Plaintiff. Plaintiff failed to exercise reasonable care under the circumstances, which directly contributed to any resulting damages.

## FIFTEENTH DEFENSE

132.    Plaintiff engaged in conduct that she knew, or should have known, could result in injury to herself and therefore she assumed the risk of injury resulting from said actions.

## SIXTEENTH DEFENSE

133.    Whatever damages and injuries, if any, which were sustained by the Plaintiff, was proximately caused by superseding and/or intervening causes and not by any action or omission of the Defendants.

## SEVENTEENTH DEFENSE

134.    Plaintiff has not met the conditions precedent to the commencement of this action as required by law.

21173027.v5-3/6/25

**EIGHTEENTH DEFENSE**

135.    Plaintiff's Invasion of Privacy claim is barred because Kirker and West did not disclose any information subject to CPLR § 4504(a), and because any information Kirker and West provided, was provided by covered entities within the Albany Med Health System for operational purposes.

**NINETEENTH DEFENSE**

136.    Plaintiff's allegations are barred because at all times Defendants acted for legitimate, non-discriminatory, non-retaliatory reasons, and at no time did Defendants engage in any unlawful practice or act.

**TWENTIETH DEFENSE**

137.    Defendants had established policies to comply with laws prohibiting discrimination, harassment, and retaliation in the workplace, and acted in good faith without intent to violate, and without reckless disregard of, those laws.

**TWENTY-FIRST DEFENSE**

138.    Defendants are not liable for any alleged discriminatory conduct because they did not encourage, condone, approve, aide, or abet any such actions.

**TWENTY-SECOND DEFENSE**

139.    Plaintiff fails to comply with certificate of merit requirement in a medical, dental or podiatric malpractice action pursuant to N.Y. CPLR §§ 3012-a.

**WHEREFORE**, Defendants respectfully request that the Court enter an Order dismissing the Second Amended Complaint in its entirety and awarding Defendants

21173027.v5-3/6/25

their costs and reasonable attorneys' fees associated with defending this action, and such further relief as the Court deems just and proper.

Dated: March 6, 2025                                Respectfully submitted,

                                                    BOND, SCHOENECK & KING, PLLC

                                        By:     s/ Michael D. Billok
                                                Michael D. Billok, Esq.
                                                Bar Roll No. 516448
                                                Rebecca J. LaPoint, Esq.
                                                Bar Rol No. 704344
                                                *Attorneys for Albany Med Health System,*
                                                *Glens Falls Hospital, Saratoga Hospital,*
                                                *and Donna Kirker*
                                                268 Broadway, Suite 104
                                                Saratoga Springs, New York 12866
                                                Telephone: (518) 533-3236
                                                Facsimile: (518) 533-3284
                                                Email: mbillok@bsk.com
                                                        rlapoint@bsk.com

To:     All Counsel of Record (via ECF)