UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TARA RULE,

                                    Plaintiff,

        -against-                                          **ANSWER TO SECOND
                                                           AMENDED COMPLAINT**

JONATHAN BRAIMAN; DONNA KIRKER; LISA
WEST; CHRISTINE CALISTRI; ALBANY MED               Case No.: 1:23-cv-01218
HEALTH PARTNERS SYSTEMS; GLENS FALLS                       BKS/CFH
HOSPITAL; SARATOGA HOSPITAL and MALTA
MED EMERGENT CARE,

                                    Defendants.

_____

        Defendant HEALTHCARE PARTNERS OF SARATOGA, LTD., d/b/a MALTA MED

EMERGENT CARE ("Answering Defendant"), by and through their attorneys WILSON ELSER

MOSKOWITZ EDELMAN & DICKER, LLP, as and for an Answer to the Plaintiff's Second

Amended Complaint, hereby sets forth as follows:

        1.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "1" of Plaintiff's Second Amended Complaint.

        2.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "2" of Plaintiff's Second Amended Complaint.

        3.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "3" of Plaintiff's Second Amended Complaint.

        4.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "4" of Plaintiff's Second Amended Complaint.

        5.      Admits that the Answering Defendant (1) is a New York not-for-profit corporation,

the members of which are Albany Medical Center Hospital and Saratoga Hospital and (2) receives

309028638v.1

federal funding, including Medicare and Medicaid reimbursements, but otherwise denies the allegations set forth in paragraph "5" of the Plaintiff's Second Amended Complaint.

6.    Denies the allegations set forth in paragraph "6" of Plaintiff's Second Amended Complaint.

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of Plaintiff's Second Amended Complaint.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of Plaintiff's Second Amended Complaint.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of Plaintiff's Second Amended Complaint.

10.    Denies the allegations as contained in paragraph "10" of Plaintiff's Second Amended Complaint.

11.    The allegations contained in paragraph "11" of Plaintiff's Second Amended Complaint state a legal basis for jurisdiction to which no response is required. To the extent, if any, that this paragraph may be read to set forth allegations of fact, Answering Defendant denies such allegations.

12.    The allegations contained in paragraph "12" of Plaintiff's Second Amended Complaint state a legal basis for venue to which no response is required. To the extent, if any, that this paragraph may be read to set forth allegations of fact, Answering Defendant denies such allegations.

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of Plaintiff's Second Amended Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of Plaintiff's Second Amended Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of Plaintiff's Second Amended Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of Plaintiff's Second Amended Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of Plaintiff's Second Amended Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of Plaintiff's Second Amended Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of Plaintiff's Second Amended Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of Plaintiff's Second Amended Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of Plaintiff's Second Amended Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of Plaintiff's Second Amended Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of Plaintiff's Second Amended Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of Plaintiff's Second Amended Complaint.

25.     Admits that Plaintiff sought treatment with the Answering Defendant on September 21, 2022, but otherwise denies the allegations set forth in paragraph "25" of Plaintiff's Second Amended Complaint

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of Plaintiff's Second Amended Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of Plaintiff's Second Amended Complaint and refers all rulings of law to the Court.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of Plaintiff's Second Amended Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of Plaintiff's Second Amended Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of Plaintiff's Second Amended Complaint.

31.     Admits that Plaintiff sought treatment with the Answering Defendant on September 21, 2022 but otherwise denies that the Answering Defendant has an "emergency department" and all other allegations set forth in paragraph "31" of the Plaintiff's Second Amended Complaint.

32.     Denies the allegations as contained in paragraph designated "32" of Plaintiff's Second Amended Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of Plaintiff's Second Amended Complaint and refer all rulings of law to the Court.

309028638v.1

34.     Admits the allegations as contained in paragraph "34" of Plaintiff's Second Amended Complaint.

35.     Denies the allegations as contained in paragraph "35" of Plaintiff's Second Amended Complaint.

36.     Denies the allegations as contained in paragraph "36" of Plaintiff's Second Amended Complaint

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of Plaintiff's Second Amended Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of Plaintiff's Second Amended Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of Plaintiff's Second Amended Complaint.

40.     Admit that Christine Calistri and the nurse returned to Plaintiff's room but otherwise deny the allegations set forth in paragraph "40" of Plaintiff's Second Amended Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of Plaintiff's Second Amended Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of Plaintiff's Second Amended Complaint.

43.     Answering Defendant refers the Court to the complete recording for a true and accurate account of what is set forth therein, and otherwise denies the allegations in paragraph "43" of Plaintiff's Second Amended Complaint.

44.     Answering Defendant refers the Court to the complete recording for a true and accurate account of what is set forth therein, and otherwise deny the allegations in paragraph "44" of Plaintiff's Second Amended Complaint.

45.     Denies the allegations as contained in paragraph designated "45" of Plaintiff's Second Amended Complaint.

46.     Denies the allegations as contained in paragraph designated "46" of Plaintiff's Second Amended Complaint.

47.     Answering Defendant admits that the Plaintiff's medical records shows that Christine Calistri had written that Plaintiff was "feeling better" and "requests to be discharged" but otherwise denies the allegations in paragraph "47" of Plaintiff's Second Amended Complaint.

48.     Denies the allegations as contained in paragraph designated "48" of Plaintiff's Second Amended Complaint.

49.     Denies the allegations as contained in paragraph designated "49" of Plaintiff's Second Amended Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of Plaintiff's Second Amended Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of Plaintiff's Second Amended Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of Plaintiff's Second Amended Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of Plaintiff's Second Amended Complaint.

309028638v.1

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of Plaintiff's Second Amended Complaint.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of Plaintiff's Second Amended Complaint.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of Plaintiff's Second Amended Complaint.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of Plaintiff's Second Amended Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of Plaintiff's Second Amended Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of Plaintiff's Second Amended Complaint.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of Plaintiff's Second Amended Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of Plaintiff's Second Amended Complaint.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of Plaintiff's Second Amended Complaint.

63.     Denies the allegations as contained in paragraph "63" of Plaintiff's Second Amended Complaint.

64.     Denies the allegations as contained in paragraph "64" of Plaintiff's Second Amended Complaint.

309028638v.1

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of Plaintiff's Second Amended Complaint.

66.     Denies the allegations as contained in paragraph "66" of Plaintiff's Second Amended Complaint.

67.     Denies the allegations as contained in paragraph "67" of Plaintiff's Second Amended Complaint.

68.     Denies the allegations as contained in paragraph "68" of Plaintiff's Second Amended Complaint.

## CAUSES OF ACTION

### COUNT I
### DISCRIMINATION IN VIOLATION OF THE AFFORDABLE CARE ACT
### (Against Defendants Albany Med and Glens Falls Hospital)

69.     Repeat and reiterate each and every admission and denial to the allegations set forth in paragraphs "1" through "68" of Plaintiff's Second Amended Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "69" of Plaintiff's Second Amended Complaint.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of Plaintiff's Second Amended Complaint and refers all rulings of law to the Court.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of Plaintiff's Second Amended Complaint and refers all rulings of law to the Court.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of Plaintiff's Second Amended Complaint.

309028638v.1

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of Plaintiff's Second Amended Complaint and refers all rulings of law to the Court.

74.     Denies the allegations as contained in paragraph "74" of Plaintiff's Second Amended Complaint.

**COUNT II**
**RETALIATION IN VIOLATION OF THE AFFORDABLE CARE ACT**
**(Against Hospital Defendants)**

75.     Repeat and reiterate each and every admission and denial to the allegations set forth in paragraphs "1" through "74" of Plaintiff's Second Amended Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "75" of Plaintiff's Second Amended Complaint.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of Plaintiff's Second Amended Complaint and refers all rulings of law to the Court.

77.     Denies the allegations set forth in paragraph "77" of Plaintiff's Second Amended Complaint and refers all rulings of law to the Court.

78.     Denies the allegations set forth in paragraph "78" of Plaintiff's Second Amended Complaint.

79.     Denies the allegations set forth in paragraph "79" of Plaintiff's Second Amended Complaint.

80.     Denies the allegations set forth in paragraph "80" of Plaintiff's Second Amended Complaint.

**COUNT III**
**DISCRIMINATION IN VIOLATION OF THE NEW YORK HUMAN RIGHTS LAW**
**(Against Defendants Albany Med and Glens Falls Hospital)**

81.     Repeat and reiterate each and every admission and denial to the allegations set forth in paragraphs "1" through "80" of Plaintiff's Second Amended Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "81" of Plaintiff's Second Amended Complaint.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of Plaintiff's Second Amended Complaint and refers all rulings of law to the Court.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of Plaintiff's Second Amended Complaint and refers all rulings of law to the Court.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of Plaintiff's Second Amended Complaint.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of Plaintiff's Second Amended Complaint and refers all rulings of law to the Court.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of Plaintiff's Second Amended Complaint and refers all rulings of law to the Court.

87.     Denies the allegations set forth in paragraph "87" of Plaintiff's Second Amended Complaint.

309028638v.1

**COUNT IV**
<u>**RETAILIATION IN VIOLATION OF THE NEW YORK HUMAN RIGHTS LAW**</u>
<u>**(Against the Hospital Defendants)**</u>

88.    Repeat and reiterate each and every admission and denial to the allegations set forth in paragraphs "1" through "87" of Plaintiff's Second Amended Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "88" of Plaintiff's Second Amended Complaint.

89.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of Plaintiff's Second Amended Complaint and refers all rulings of law to the Court.

90.    Denies the allegations set forth in paragraph "90" of Plaintiff's Second Amended Complaint and refers all rulings of law to the Court.

91.    Denies the allegations set forth in paragraph "91" of Plaintiff's Second Amended Complaint and refers all rulings of law to the Court.

92.    Denies the allegations set forth in paragraph "92" of Plaintiff's Second Amended Complaint.

**COUNT V**
<u>**VIOLATION OF THE EMERGENCY MEDICAL TREATMENT AND LABOR ACT**</u>
<u>**(Against Defendants Malta Med Emergent Care, Saratoga Hospital, and Albany Med)**</u>

93.    Repeat and reiterate each and every admission and denial to the allegations set forth in paragraphs "1" through "92" of Plaintiff's Second Amended Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "93" of Plaintiff's Second Amended Complaint.

94.    Denies the allegations set forth in paragraph "94" of Plaintiff's Second Amended Complaint and refers all rulings of law to the Court.

11

95.     Admits that Answering Defendant is a New York not-for-profit corporation located in Malta, New York, the members of which are Albany Medical Center Hospital and The Saratoga Hospital, but otherwise deny the allegations set forth in paragraph "95" of Plaintiff's Second Amended Complaint.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of Plaintiff's Second Amended Complaint and refers all rulings of law to the Court.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of Plaintiff's Second Amended Complaint and refers all rulings of law to the Court.

98.     Denies the allegations set forth in paragraph "98" of Plaintiff's Second Amended Complaint.

99.     Denies the allegations set forth in paragraph "99" of Plaintiff's Second Amended Complaint and refers all rulings of law to the Court.

100.    Denies the allegations set forth in paragraph "100" of Plaintiff's Second Amended Complaint.

**COUNT VI**
**MEDICAL MALPRACTICE (NEGLIGENCE)**
**(Against Defendant Braiman, the Hospital Defendants, and Defendant Calistri)**

101.    Repeat and reiterate each and every admission and denial to the allegations set forth in paragraphs "1" through "100" of Plaintiff's Second Amended Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "101" of Plaintiff's Second Amended Complaint.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of Plaintiff's Second Amended Complaint and refers all rulings of law to the Court.

103.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of Plaintiff's Second Amended Complaint and refers all rulings of law to the Court.

104.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of Plaintiff's Second Amended Complaint.

105.    Admits that Plaintiff sought treatment at Malta Med Emergent Care on 9/21/22 but otherwise denies the allegations in paragraph "105" of Plaintiff's Second Amended Complaint.

106.    Denies the allegations set forth in paragraph "106" of Plaintiff's Second Amended Complaint and refers all rulings of law to the Court.

107.    Denies the allegations set forth in paragraph "107" of Plaintiff's Second Amended Complaint.

**COUNT VII**
**NEGLIGENCE PER SE**
**(Against Defendants Malta Med Emergent Care, Saratoga Hospital, and Albany Med)**

108.    Repeat and reiterate each and every admission and denial to the allegations set forth in paragraphs "1" through "107" of Plaintiff's Second Amended Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "108" of Plaintiff's Second Amended Complaint.

109.    Denies the allegations set forth in paragraph "109" of Plaintiff's Second Amended Complaint and refers all rulings of law to the Court.

309028638v.1

110.    Denies the allegations set forth in paragraph "110" of Plaintiff's Second Amended Complaint and refers all rulings of law to the Court.

111.    Denies the allegations set forth in paragraph "111" of Plaintiff's Second Amended Complaint.

**COUNT VIII**
**BREACH OF CONFIDENTIALITY**
**(Against the Hospital Defendants and Defendants Calistri, West, and Kirker)**

112.    Repeat and reiterate each and every admission and denial to the allegations set forth in paragraphs "1" through "111" of Plaintiff's Second Amended Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "112" of Plaintiff's Second Amended Complaint.

113.    Denies the allegations set forth in paragraph "113" of Plaintiff's Second Amended Complaint.

114.    Denies the allegations set forth in paragraph "114" of Plaintiff's Second Amended Complaint.

115.    Denies all other allegations in Plaintiff's Second Amended Complaint not specifically referred to above.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

116.    The Second Amended Complaint fails to state claims upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

117.    Plaintiff's claims are barred to the extent they are, in whole or in part, outside of the statute of limitations.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

118.    Plaintiff's claims are barred due to unclean hands.

14

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

119.    Plaintiff failed to exhaust her administrative remedies.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

120.    Answering Defendant provided reasonable care to Plaintiff, and all care provided to Plaintiff met the applicable standards of care.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

121.    At all relevant times, Answering Defendant acted reasonably and in good faith toward Plaintiff and in no way acted wantonly, maliciously, or with any discriminatory motive. Any claim is therefore barred and/or recovery of damages for such is precluded because Defendants acted in good faith.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

122.    Plaintiff failed to mitigate her damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

123.    Plaintiff's claimed damages are speculative and therefore barred.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

124.    Plaintiff's claims for punitive damages are barred because Answering Defendant did not engage in conduct sufficient to permit an award of such punitive damages, and because any award of punitive damages is barred by the U.S. Constitution and New York Constitution.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

125.    Answering Defendant did not act with intent, malice, or with reckless indifference to the rights of Plaintiff.

309028638v.1

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

126.    Defendants are not responsible for any damages alleged to have been suffered by Plaintiff.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

127.    Plaintiff's claims may be barred or damages limited based on any after-acquired evidence obtained by defendants in discovery.

**AS AND FOR A THIRTEENTH AFFIMATIVE DEFENSE**

128.    Defendant Health care Partners of Saratoga, Ltd. (d/b/a Malta Med Emergent Care) is not a hospital and does not have an emergency department and therefore Plaintiff's EMTALA claim is barred.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

129.    Plaintiff's Breach of Confidentiality claim is barred due to Plaintiff publicly posting information regarding her visit to Defendant Healthcare Partners of Saratoga. Plaintiff waived any right to privacy of her protected health care information by posting the details of her care at Healthcare Partners of Saratoga in several social media sites including, but not limited to, TikTok, Instagram and/or YouTube posts including, but not limited to, posts on September 23, 2022 wherein she disclosed the date of her treatment, location of her care, her symptoms, her treatment, the name of her providers, a map to find her providers including the Answering Defendant, portions of her medical records and other details to the public at large including any person with access to the internet or a smart phone.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

130.    Plaintiff's alleged injuries and damages were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of Plaintiff. Plaintiff failed to

exercise reasonable care under the circumstances, which directly contributed to any resulting damages.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

131.     Plaintiff engaged in conduct that she knew, or should have known, could result in injury to herself and therefore she assumed the risk of injury resulting from said actions.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

132.     Whatever damages and injuries, if any, which were sustained by the Plaintiff, was proximately caused by superseding and/or intervening causes and not by any action or omission of the Defendants.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

133.     Plaintiff has not met the conditions precedent to the commencement of this action as required by law.

**AS AND FOR A NINETEEN AFFIRMATIVE DEFENSE**

134.     Plaintiff's Breach of Confidentiality claim is barred because (1) Kirker and West did not disclose any information subject to CPLR § 4504(a), (2) any information Kirker and West provided was provided by covered entities within the Albany Med Health System for operational purposes, and (3) as Calistri and the Answering Defendant were the recipients of said information.

**WHEREFORE**, Answering Defendants demand judgment dismissing Plaintiff's Second Amended Complaint herein together with the costs, disbursements, and attorneys' fees incurred in the defense of this matter, and such other and further relief as the Court may deem just and proper.

309028638v.1

Dated:    March 6, 2025
          Albany, New York

                        Yours, etc.

                        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP

                  By: *James P. Brodie*

                        James P. Brodie, Esq.
                        *Attorney for Defendants*
                        HEALTHCARE PARTNERS OF SARATOGA,
                        LTD., d/b/a MALTA MED EMERGENT CARE
                        200 Great Oaks Blvd, Suite 228
                        Albany, New York 12203
                        (518) 449-8893
                        James.Brodie@wilsonelser.com

TO:    All Counsel of Record (via PACER/ECF)

309028638v.1