U.S. DISTRICT COURT – N.D. OF N.Y.
FILED
Jul 14 - 2025
John M. Domurad, Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TARA RULE,

                Plaintiff,

    v.

JONATHAN BRAIMAN, DONNA KIRKER, LISA WEST, CHRISTINE CALISTRI (TOWERS), ALBANY MED HEALTH PARTNERS (SYSTEMS), GLENS FALLS HOSPITAL, SARATOGA HOSPITAL, and MALTA MED EMERGENT CARE,

                Defendants.

**ELECTRONICALLY FILED**

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

Civil Action No. 1:23-cv-01218 (BKS) (PJE)

WHEREAS Plaintiff Tara Rule ("Plaintiff") and Defendants Jonathan Braiman, Donna Kirker, Lisa West, Christine Calistri (Towers), Albany Med Health System, Glens Falls Hospital, Saratoga Hospital, and Malta Med Emergent Care ("Defendants") (collectively referred to herein as the "Parties") agree that the discovery involved in this matter may require disclosure of sensitive and confidential information related to Plaintiff's claims against Defendants, including but not limited to, financial and property information regarding Defendants, Plaintiff's medical records, and materials in which Plaintiff or Defendants maintain a privacy interest;

WHEREAS the Parties desire to facilitate discovery in this matter while preserving the confidentiality of such information;

NOW, THEREFORE, it is hereby agreed by and between the Parties as follows:

1. "Confidential Information" as used herein means documents and information that contain financial or property information regarding Defendants, Plaintiff's medical records, and materials in which Plaintiff or Defendants maintain a privacy interest.

Such Confidential Information will be designated as such pursuant to paragraph "8" below.

2. Such Confidential Information shall not be used for any purposes by the party that receives it, or on such party's behalf, other than in connection with this litigation and shall not be disclosed to any person or entity by such party or such party's counsel, except as provided herein.

3. Confidential Information may be disclosed to the Parties and to persons who are members of, associated with, or legal assistants employed or experts and/or consultants retained by, the Parties' respective undersigned counsel, as well as to the Court and its personnel, and to any stenographic reporter(s) engaged for any proceedings necessary to the conduct of this matter.

4. Nothing contained herein shall restrict any party's counsel from disclosing Confidential Information to that party or a prospective witness, expert, or consultant for that party where such disclosure is reasonably needed in connection with the litigation and preparation for trial of this action, provided the person to whom such disclosure is made complies with the provisions of paragraph "5" hereof.

5. A party or any prospective witness, expert, or consultant for a party to whom any Confidential Information is disclosed shall, prior to such disclosure, agree in writing, in the form attached hereto as Exhibit "A," to be bound by the terms of this Stipulation and Order. Counsel by whom Confidential Information is so disclosed will retain any such signed statement and, for any individual who has or should have been disclosed as a witness, counsel shall promptly make it available for inspection by opposing counsel upon

request. Any disclosure of Confidential Information to third-party witnesses, experts, or consultants must be reasonably necessary to the conduct of the litigation.

6. Counsel for the respective Parties may utilize, without restriction, all or portions of Confidential Information during the course of trial or court proceedings, including, but not limited to, motions, and during depositions in this matter without obtaining the writing required by paragraph "5" hereof. Those portions of the transcripts of all such depositions which contain or refer to any Confidential Information shall be treated in accordance with paragraph "10" hereof. Counsel shall retain copies of any transcript of any deposition that contains or refers to any Confidential Information in such a manner as to preserve its confidential nature. Nothing contained in this paragraph shall prevent the disclosure of a deposition transcript containing Confidential Information pursuant to paragraph "5" hereof.

7. The Parties' respective counsel, and any other person bound by the terms of this Confidentiality Stipulation and Protective Order, shall utilize the Confidential Information solely in accordance with the provisions of this Confidentiality Stipulation and Protective Order and, other than as provided herein, will not disclose the Confidential Information, including any excerpts therefrom, or make it available to any person or entity.

8. All Confidential Information produced hereunder shall be retained in the possession and control of counsel or person described in paragraph "5" above receiving such Confidential Information in such a manner as to preserve its confidential nature, and the designation "CONFIDENTIAL" shall be stamped on any documents and/or information deemed confidential by the party producing such documents and/or information. Counsel for a party shall mark a document as confidential only if counsel reasonably believes that

the document meets the criteria for confidential information set forth in paragraph "1" above. Accordingly, if a party discloses a document or documents that are not marked confidential to the opposing party, and subsequently during the course of discovery, the opposing party discloses the same document or documents to the party which previously disclosed it, the opposing party cannot mark the document or documents confidential.

9. The inadvertent production of Confidential Material without the appropriate designation affixed thereto will not constitute a waiver of confidentiality with regard to that discovery material. In the event that a party produces Confidential Material without the proper designation, that party shall notify opposing counsel of the omission within ten (10) business days of discovering the inadvertent production. Further, within ten (10) business days of notifying counsel, the notifying party shall provide opposing counsel with new copies bearing the "CONFIDENTIAL" designation. Upon receipt of the copy bearing the "CONFIDENTIAL" designation, the party and all other persons who received undesignated copies of the discovery material shall either return such discovery material to counsel for the Designating party or destroy all such undesignated copies.

10. The Parties must obtain permission from the Court pursuant to Local Rule 83.13 before filing any documents under seal even if the Parties have designated the material as "Confidential Information." When any motions or papers are filed which include "Confidential Information," such Confidential Information shall be segregated and separately submitted for the convenience of the Court in sealing such material only. This seal requirement does not apply to statements of material facts or responses thereto, or briefs or other legal arguments, except that if Confidential Information is included in such a document, it shall be electronically filed on the Court's case management and electronic

case files (CM/ECF) system with the Confidential Information redacted (CM/ECF) and an unredacted copy of such document shall be electronically filed with the Court as directed in Local Rule 83.13 and provided to the other party. The unredacted copy shall not be accessible via the Court's electronic filing system.

11.    Upon the termination of this action, including all appeals, each party's counsel will return to opposing counsel all documents and all copies of documents produced hereunder which contain "Confidential Information." Nothing in this section shall preclude counsel for either party from maintaining copies of work product material which in the good faith judgment of counsel must be maintained to comply with professional responsibility obligations.

12.    Neither this Confidentiality Stipulation and Protective Order nor the provision of any Confidential Information hereunder shall be construed as a waiver of any party's rights: (a) to object to any discovery request on the basis of confidentiality or privilege; (b) to object to the introduction of any "Confidential Information," as defined herein, as evidence at any hearing or trial in this matter; and/or (c) to seek other and further protections as to any Confidential Information that may be offered or admitted as evidence at any hearing or trial in this matter.

13.    Any party may apply to the Court for modification of this Confidentiality Stipulation and Protective Order, including but not limited to a change or removal of a confidentiality designation on a particular document or documents, at any time upon fourteen (14) days written notice to opposing counsel, provided, however, that: (a) any party may remove a confidentiality designation made at such party's request without leave from the Court at any time upon written notice to opposing counsel; and (b) before making

any application to change or remove a confidentiality designation, the party seeking such change or removal shall make a written request to the other party for such change or removal to be effective within ten (10) days of receiving such request if no objection is made within such ten (10) days. An application to the Court to change or remove a confidentiality designation shall be governed by Local Rule 7.1(d) and Rule 37 of the Federal Rules of Civil Procedure. A party that publishes a document that the party has designated as "CONFIDENTIAL" shall be considered to have waived confidentiality of that document.

14. The Parties agree to treat all Confidential Information in connection with any appeal in this action as similarly subject to the provisions of this Confidentiality Stipulation and Protective Order. This does not apply to briefs.

15. Execution of this Agreement by counsel for a party shall constitute a representation by such counsel that they and their staff will abide by the terms of this Agreement.

| | |
|---|---|
| Dated: July 10, 2025 | BOND, SCHOENECK & KING, PLLC |

By:   <u>s/Michael D. Billok</u>
      Michael D. Billok, Esq.
      Bar Roll No.: 516448
      Rebecca J. LaPoint, Esq.
      Bar Roll No.: 704344

*Attorneys for Defendants Albany Med Health System, Glens Falls Hospital, Saratoga Hospital, and Donna Kirker*
268 Broadway, Suite 104
Saratoga Springs, New York 12866
Telephone: (518) 533-3236
Fax: (518) 533-3284
Email: mbillok@bsk.com
       rlapoint@bsk.com

EISENBERG & BAUM, LLP

By:   <u>s/Reyna Lubin</u>
      Reyna Lubin, Esq.
*Attorneys for Plaintiff*
24 Union Square East, PH
New York, NY 10003
Telephone: (212) 353-8700
Fax: (917) 591-2875
Email: rlubin@eandblaw.com

BARCLAY DAMON LLP

By:   <u>s/Michael J. Murphy</u>
      Michael J. Murphy, Esq.
*Attorneys for Defendant Jonathan Braiman, M.D.*
80 State Street
Albany, New York 12207
Telephone: (518) 429-4200
Email: mjmurphy@barclaydamon.com

MAYNARD, O'CONNOR, SMITH & CATALINOTTO, LLP

By:   <u>s/Karen A. Butler</u>
      Karen A. Butler, Esq.
*Attorneys for Defendants Lisa West and Christine Calistri*

21941911.v6-7/10/25

6 Tower Place
Albany, NY 12203
Telephone: (518) 242-7117
Email: butler@moscllp.com

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

By: s/James P. Brodie
    James P. Brodie, Esq.
*Attorneys for Defendant Malta Med Emergent Care*
200 Great Oaks Boulevard, Suite 228
Albany, NY 12203
Telephone: 518.320.3613
Email: james.brodie@wilsonelser.com

SO ORDERED.

Dated: July 14, 2025

_____
Hon. Paul J. Evangelista
U.S. Magistrate Judge

8

# **EXHIBIT A**

AGREEMENT CONCERNING MATERIAL COVERED BY A CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK ON _____, 2025

The undersigned hereby acknowledges that he/she has been given a copy of and has read the Confidentiality Stipulation and Protective Order entered in the United States District Court for the Northern District of New York, in the action entitled *Tara Rule v. Jonathan Braiman, et al.,* Civil Action No. 1:23-cv-01218 (BKS) (PJE), understands the terms thereof, and agrees to be bound by such terms.

Dated: _____     _____
                                         Signature

21941911.v6-7/10/25