# EISENBERG & BAUM, LLP

December 12, 2025

**VIA ECF ONLY**
Hon. Paul J. Evangelista, USMJ
James T. Foley US Courthouse
445 Broadway
Albany, NY 12207

      Re:    *Tara Rule v. Jonathan Braiman, et al.*, No. 1:23-cv-01218-BKS-CFH

Dear Judge Evangelista,

      Our firm represents Plaintiff Tara Rule in the above-captioned matter. We write to respond to Defendants' letter-motions (ECF No. 138, 139, & 140) seeking to extended time (two days and up to 14 hours) to conduct Plaintiff's deposition.

      Rule 30(d)(1) provides: "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent..." A party seeking to extend this time must provide good cause to justify an extension. *Lapointe v. Target Corp.*, No. 16-CV-216 (GTS/CFH), 2017 WL 1397317, at *7 (N.D.N.Y. Mar. 6, 2017) (citing Saeed v. Count of Nassau, No. CV 09-3314(DRH)(AKT), 2011 WL 6945755, at *2 (E.D.N.Y. May 23, 2011).

      Courts in this circuit have held that the determination of good cause is "fact specific," and includes whether examination involves a large number of documents, "whether the time previously afforded for deposition was used efficiently, and whether there are additional relevant areas of inquiry." *See Margel v. E.G.L. Gem Lab Ltd.*, 2008 WL 2224288, at *8 (S.D.N.Y. May 29, 2008) (citation omitted).

      Here, Defendants fail to meet the "good cause" standard to justify the excessive 14 hours requested, and Defendants cite no case law or authority supporting it. While Defendants cite "various causes of action against multiple defendants" including EMTALA, medical malpractice, discrimination, and breach of confidentiality, the core facts of this case are not unduly complex. The operative Complaint alleges a straightforward sequence of events: a doctor's discriminatory denial of effective treatment based on her age/sex, followed by various Hospital Defendants retaliating against her and breaching her confidentiality.

      Defendant Dr. Braiman specifically requests additional time due to the unique evidentiary requirements of the medical malpractice claim. However, the factual basis for all claims against Dr. Braiman relates solely to the September 14, 2022, appointment and the treatment decisions made therein, a discrete set of facts.

      Defendants also cite "voluminous" discovery, including over 60 social media posts, but provide no authority that this volume of publicly available content necessitates a full 14 hours of questioning.

Rule v. Braiman et al.
Pl.'s Response Letter
Page 2

As Defendants are aware, Plaintiff has a serious disabling genetic disorder (Ehlers Danlos Syndrome) and a comorbid condition, and will require numerous breaks throughout her deposition. A 14-hour deposition, even split over two days, is unduly burdensome and would likely stretch beyond a reasonable two-day limit due to necessary breaks.

In the interest of compromise and judicial economy, **Plaintiff previously offered Defendants a total of ten hours** (the standard 7 hours plus 3 additional hours). This ten-hour duration is consistent with time granted in similar cases in this Circuit. *See, e.g., Lapointe*, 2017 WL 1397317 at *8 (N.D.N.Y. Mar. 6, 2017) ("Considering all the appropriate factors, the Court finds that defendant has provided good cause to justify extending the time for plaintiff's deposition. However, defendant's request for an additional seven hours is excessive. . . . [T]he Court finds that three additional hours are reasonable under the circumstances.") (citations omitted)*; Krause v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 10CIV2603RMBJLC, 2010 WL 11882040, at *1 (S.D.N.Y. Oct. 7, 2010) ("Plaintiff's deposition should be continued for an additional 4 hours and 30 minutes. This length is the midway point between the amount of time sought by Defendants (7 hours) and that offered by Plaintiff (2 hours). A compromise befits these circumstances."). This ten-hour period would provide sufficient time to inquire into the separate theories of liability and media evidence while recognizing Plaintiff's disability.

Respectfully, Defendants' request for 14 hours is excessive and unsupported by controlling authority or the complexity of the underlying facts. Plaintiff requests that the Court either deny the motion or limit the deposition to a total of ten hours, as previously proposed by Plaintiff.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

/s/ Reyna Lubin
Reyna Lubin, Esq.
**EISENBERG & BAUM, LLP**
24 Union Square East, Penthouse
New York, NY 10003
Tel: (212) 353-8700
Fax: (917) 591-2875
rlubin@eandblaw.com