UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TARA RULE,<br><br>*Plaintiff*,<br><br>v.<br><br>JONATHAN BRAIMAN, DONNA KIRKER, LISA WEST, CHRISTINE CALISTRI, ALBANY MED HEALTH PARTNERS SYSTEMS, GLENS FALLS HOSPITAL, SARATOGA HOSPITAL, and MALTA MED EMERGENT CARE,<br><br>*Defendant(s)*. | Case No. 1:23-cv-01218-BKS-CFH<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION TO QUASH SUBPOENA TO RULE ARTS AND PRODUCTIONS, LLC** |

Plaintiff Tara Rule, by and through her attorneys, Eisenberg & Baum, LLP, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 45(d)(3) to quash the subpoena served by Defendants on Rule Arts and Productions, LLC on February 5, 2026.

Defendants' subpoena seeks sweeping financial records—including tax filings, financial statements, and payment records—from a non-party entity, Rule Arts and Productions, LLC, from August 2020 to the present. This discovery is improper, irrelevant, and disproportionate to the needs of the case because Plaintiff has not asserted a claim for lost wages or income. Instead, the subpoena constitutes an invasive fishing expedition into Plaintiff's private financial status and the finances of a third-party entity.

## ARGUMENT

"Generally, standing to quash a non-party subpoena exists where the plaintiff asserts a legitimate privacy interest in the information sought." *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010) (citing *Ireh v. Nassau Univ. Med. Center,* No. CV 06–09, 2008 WL 4283344, at *3 (E.D.N.Y. Sept. 17, 2008) (citations omitted); *Mirkin v. Winston Res., LLC,* No. 07 Civ. 02734, 2008 WL 4861840, at *1 (S.D.N.Y. Nov. 10, 2008) (citation omitted)). In other words, "a party demonstrates standing to challenge a subpoena directed to a non-party by showing that he or she seeks to protect a personal privilege, right, or interest." *United States v. Bergstein*, 302 F. Supp. 3d 580, 584 (S.D.N.Y. 2018) (citing, inter alia, *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975)).

A subpoena issued to a non-party pursuant to Rule 45 is "subject to Rule 26(b)(1)'s overriding relevance requirement." *Ireh,* 2008 WL 4283344, at *5 (quoting *During,* 2006 WL 2192843, at *2). Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . ." Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 45(d)(3)(A) *requires* that a Court quash or modify a subpoena that: "(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."

Defendants' subpoena, Exhibit A, seeks broad categories of sensitive financial information of a production company that is owned, operated, and managed by Plaintiff's mother:

1. All annual state and federal tax filings of Rule Arts and Productions, LLC, including all worksheets and schedules;

2. All financial statements of Rule Arts and Productions, LLC;

3. Documents showing all payments made to, and income received by, Rule Arts and Productions, LLC, including the identity of the payor, date of payment, and amount of payment;

4. Documents showing all expenses of Rule Arts and Productions, LLC, including the identity of the payee, date of payment, and amount of payment; and

5. To the extent not included above, documents showing all payments made by Rule Arts and Productions to Tara Rule, including the date of payment and amount of payment.

Here, Defendants' attempt to pry into the finances of a third-party business in order to determine whether Plaintiff generates income. Disclosure of these documents would necessarily disclose Plaintiff's own sensitive financial information, in which Plaintiff has a legitimate privacy right and interest, and which has no relevance to any party's claims or defenses in this case.

**I.      The Subpoena Seeks Irrelevant Information and Creates an Undue Burden**

Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Rule 26 tasks the Court to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Here, prying into the finances of third-party business to prove whether or not Plaintiff generates income goes beyond the limits of allowable discovery. There is not a single allegation of lost wages or income in Plaintiff's operative complaint. Plaintiff has no explicit or implicit claim for loss of income; and her deposition testimony over two days confirmed that she is not claiming loss of income. To be sure, the term in not in a single court document or filing.

When asked by defense counsel at her deposition, Plaintiff confirmed that any revenue she has received from the production company is derived solely from income generated by her personal TikTok account, see Exhibit B. Plaintiff confirmed that her social media account did not begin

3

generating revenue until 2024, well after the allegations in the Complaint. Revenue from Plaintiff's TikTok account in 2024 and 2025, does not have anything to do with the claims and defenses of this case. Accordingly, Defendants' subpoena seeks information not proportional to the needs of the case and creates an undue burden to the non-party.

**II.   Defendants Cannot Meet the Heightened Standard for Tax and Financial Records**

As Defendants admit, Plaintiff does not own Rule Arts and Production, LLC; it is owned by her mother. Defendants' subpoena for a non-party's tax returns and private financial information must be viewed through the "modern trend" in this Circuit, which requires the party seeking such discovery to demonstrate both relevancy and a compelling need. *Carmody v. Village of Rockville Centre*, No. CV-05-4907, 2007 WL 2042807, at *2 (E.D.N.Y. July 13, 2007); *see also Ellis v. City of New York*, No. 06 CIV. 4827, 2007 WL 1746255, at *3 (S.D.N.Y. Jun. 15, 2007) (quashing subpoena for plaintiff's tax returns when defendants failed to satisfy the two-part test); *Barkley v. Olympia Mortg. Co .*, No. 04 CV-875, 2007 WL 656250, at *7 (E.D.N.Y. Feb. 27, 2007). Further, where "discovery is sought from a non party, the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non party." *Arista Recs. LLC v. Lime Grp. LLC*, No. 06 CV 5936 KMW, 2011 WL 781198, at *2 (S.D.N.Y. Mar. 4, 2011) (internal citations and quotations omitted).

As established in *Carmody v. Village of Rockville Centre*, the second prong of this test requires a showing that the information is not otherwise readily obtainable. 2007 WL 2042807 at *2. Defendants cannot meet this burden here. Plaintiff has explicitly represented she is not specifically claiming lost income as damages. The *Carmody* court noted that "Defendants could certainly question the Plaintiff extensively concerning his claims of lost income during any future deposition." *Id.* As Plaintiff has already participated in <u>two separate days of deposition</u>, this

4

remains the appropriate, less intrusive mechanism for inquiry. Moreover, "courts in the past have concluded that the production of tax returns should not be ordered unless it appears they are relevant to the subject matter of the action, and that there is a compelling need therefor because the information contained therein is not otherwise readily obtainable." *Smith v. Bader*, 83 F.R.D. 437, 438 (S.D.N.Y. 1979) (citing *Cooper v. Hallgarten & Co.*, 34 F.R.D. 482, 484 (S.D.N.Y.1964)).

Through her prior and verified discovery responses, Plaintiff has affirmed that she has not received any actual or potential compensation, remuneration, or financial benefit (apart from a disclosed GoFundMe for legal fees) responsive to these requests. Defendants' subpoena for a non-party's financial records are not proportionate to the needs of the case, and seek information not relevant to any party's claims or defenses. Accordingly, it should be quashed. *See Ellis*, 2007 WL 1746255 at *3.

### III.   The Subpoena is Punitive and Harassing

Defendants' pursuit of these records, despite Plaintiff's repeated affirmations that she has received no relevant financial benefits beyond disclosed legal fee crowdfunding, serves only to harass. The request for all state and federal tax filings of the LLC is particularly egregious given that Plaintiff's financial status is not at issue, and that there is no dispute between the parties that it is Plaintiff's mother who owns the LLC.

### CONCLUSION

Because the subpoena subjects a non-party to undue burden and seeks information that is wholly irrelevant to the claims in this action, Plaintiff respectfully requests that the Court quash the subpoena to Rule Arts and Productions, LLC in its entirety, and order such other and further relief as this Court deems just and proper.

Dated: February 13, 2026                              Respectfully submitted,

/s/ *Reyna Lubin*
Reyna Lubin
**EISENBERG & BAUM, LLP**
24 Union Square East, Penthouse
New York, NY 10003
Main: (212) 353-8700
Fax: (917) 591-2875
rlubin@eandblaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    I DO HEREBY CERTIFY that, on this 13th day of February 2026, I electronically filed the above and foregoing, thereby electronically serving this document upon all counsel of record who are registered with this Court's CM/ECF system. Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system.

                                                    /s/ Reyna Lubin
                                                    Reyna Lubin