**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TARA RULE,

                       Plaintiff,

                                  No. 1:23-CV-1218
                                  (BKS/PJE)

          v.

JONATHAN BRAIMAN, et al.,

                       Defendants.

| APPEARANCES: | OF COUNSEL: |
| --- | --- |
| Eisenberg & Baum, LLP<br>24 Union Square East, Penthouse Ste.<br>New York, New York 10003<br>Attorneys for plaintiff | REYNA N. LUBIN, ESQ. |
| Barclay Damon LLP<br>80 State Street<br>Albany, New York 12207<br>Attorneys for defendant Braiman | MICHAEL J. MURPHY, ESQ. |
| Bond, Schoeneck & King, PLLC<br>268 Broadway, Ste. 104<br>Saratoga Springs, New York 12866<br>Attorneys for defendants Kirker,<br>Albany Med Health Partners, Glens Falls<br>Hospital, Saratoga Hospital | MICHAEL D. BILLOK, ESQ. |
| Maynard O'Connor Smith & Catalinotto<br>6 Tower Place<br>Albany, New York 12203<br>Attorneys for defendants West, Towers | KAREN A. BUTLER, ESQ. |
| Wilson, Elser Law Firm<br>200 Great Oaks Boulevard, Ste. 228<br>Albany, New York 12203<br>Attorneys for defendant Malta Med Emergent<br>Care | BENJAMIN MEHIC, ESQ. |

1

**HON. PAUL J. EVANGELISTA**
**UNITED STATES MAGISTRATE JUDGE**

## DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Tara Rule's motion requires this Court to determine the proper scope of discovery into Plaintiff's financial affairs, where those affairs are intertwined with a non-party business entity.  Plaintiff seeks to quash a subpoena directed to that entity in its entirety.  Defendants contend the requested records are necessary to assess, among other things, damages and credibility.  The Court concludes that some discovery is warranted, but the subpoena is broader than necessary.  The Court addresses standing first, then turns to relevance and proportionality, and finally determines the appropriate scope of the subpoena.

### II. BACKGROUND

Plaintiff brings this civil action arising out of medical treatment she received from Defendants, including individual providers and affiliated healthcare institutions. The Complaint alleges misconduct in connection with that treatment and seeks compensatory damages under federal and related claims.  Plaintiff claims that Defendants' conduct caused her to suffer a range of injuries, including emotional distress, loss of enjoyment of life, reputational harm, and financial losses.  Plaintiff further alleges, as a result of Defendants' actions, she incurred out-of-pocket costs, including expenses related to travel, housing, and medical care. *See* generally Dkt. No 124.  Defendants generally deny Plaintiff's allegations and assert numerous affirmative and other defenses. *See generally* Dkt. Nos. 125-29.  The Court presumes familiarity with the facts, given the extensive litigation to date.

The present motion concerns a third-party subpoena served on Rule Arts and Productions, LLC (hereafter, "the LLC") in February 2026, a couple of weeks after Plaintiff's deposition.  *See* Dkt. No. 151.  Plaintiff moves under Rule 45(d)(3) to quash the subpoena.  The subpoena seeks broad categories of the LLC's financial and tax records, including income, expenses, and payments to Plaintiff, for a multi-year period.  Plaintiff argues the subpoena is irrelevant, overbroad, and an improper intrusion into the finances of a third-party entity, particularly because she does not seek lost-income damages.  *See id.*  Defendants oppose, contending the records are relevant to Plaintiff's claimed damages, including relocation expenses and ongoing harm, as well as to issues of causation, mitigation, and credibility given Plaintiff's use of the LLC to receive income and pay expenses.   *See* Dkt. Nos. 152, 154.  Plaintiff submitted supplemental briefing in support of the motion to quash and a surreply.  *See* Dkt. No. 153, 157

### A.  **The Subpoena at Issue**

The subpoena at issue requests five primary categories of documents from the LLC for the period from August 14, 2020, to the present. The five categories include: (1) tax filings, including all state and federal tax returns, worksheets, and schedules; (2) all financial statements of the LLC; (3) documents showing income and payments made to the LLC; (4) documents showing expenses of the LLC; and (5) documents showing all payments  the LLC made to Plaintiff.  *See* Dkt. No. 151-2.

### B.  **Procedural Background**

Defendants served the subpoena at issue on the LLC, a non-party entity, on February 5, 2026. Dkt. Nos. 151-1 at 1; 151-2 at 2 (Subpoena).  The Subpoena commanded production of the demanded records by February 27, 2026.  *See id*.  On

3

February 13, 2026, Plaintiff filed the present motion to quash the subpoena under Fed. R. Civ. P. 45(d)(3).[1] Dkt. No. 151-1 at 1.  Generally, Plaintiff argues she has standing to challenge the subpoena because the demanded documents contain Plaintiff's "own sensitive financial information," in which "Plaintiff has a legitimate privacy right and interest . . ." *Id.* at 3.  She claims the subpoena seeks irrelevant information; creates an "undue burden on the non-party"; seeks sensitive financial and tax records from a non-party, which implicates a heightened standard for production; and is punitive and harassing.  *Id*. at 4, 5

Generally, Defendants contend that Plaintiff lacks standing to challenge the subpoena; the subpoenaed documents are relevant to claims and defenses involving damages, causation, mitigation, and credibility; and the subpoena is proportional and necessary given Plaintiff's financial relationship with the LLC.  *See* Dkt. Nos. 152, 154-7 at 5-10.

### III.   LEGAL STANDARDS
#### A.  **Rule 45 – Motions to Quash or Modify**

Under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 45, subpoenas served on non-parties are subject to the relevance and proportionality requirements outlined in Rule 26(b)(1).  Rule 26(b)(1) permits discovery of any "non-privileged matter that is relevant to a party's claim or defense and proportional to the needs of the case," considering factors such as the "importance of the issues at stake in the action, the amount in controversy," and the burden or expense of the proposed discovery relative to its "likely benefit." *Citizens Union of City of New York v. Attorney General of New York*,

---

[1] The non-party LLC has not moved to quash or otherwise object to the subpoena.

269 F.Supp.3d 124, 139 (S.D.N.Y. Sept. 1, 2017) (quoting FED. R. CIV. P. 26(b)(1)). These standards have consistently been applied to non-party subpoenas, requiring the issuing party to demonstrate the relevance and materiality of the requested documents to the party's claims or defenses. *See id.* (citing *Malibu Media, LLC v. Doe*, No. 15-cv-3147 (AJN), 2016 WL 5478433, at *2 (S.D.N.Y. Sept. 29, 2016) ("[S]ubpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)")); *Gilead Sciences, Inc. v. Khaim*, 348 F.R.D. 146, 150 (E.D.N.Y. Dec. 22, 2024) (collecting cases).

As to relevance, "[t]he party seeking discovery bears the initial burden of proving the discovery is relevant . . . ." *Samsung Electronics Co., Ltd. v. Microchip Technology Inc.*, 347 F.R.D. 252, 260, 2024 WL 3907250 (S.D.N.Y. 2024) (citing *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MD-02542 (VSB) (SLC), 2020 WL 1940557, at *1 (S.D.N.Y. Apr. 22, 2020) (quoting *Citizens Union of New York*, 269 F. Supp. 3d at 139) "[T]hen the party withholding discovery on the grounds of burden [or] expense . . . bears the burden of proving the discovery is in fact . . . unduly burdensome and/or expensive." *Id.* "There can be no dispute that, although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." *A.I.A. Holdings S.A. v. Lehman Bros.*, No. 97 Civ. 4978, 2000 WL 763848, at *2 (S.D.N.Y. June 12, 2000) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "Whether a subpoena imposes an undue burden depends on 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden

5

imposed.'" *Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018)

(quoting *U.S. v. Int'l Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)).

> "[T]he court must limit the frequency or extent of discovery" when:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

*Cohen v. City of New York*, 255 F.R.D. 110, 117 (S.D.N.Y. Nov. 10, 2008) (citing FED. R.

CIV. P. 26(b)(2)(C)); *see also Travelers Indemnity Co. v. Metropolitan Life Ins. Co.*, 228

F.R.D. 111, 113 (D.Conn. 2005). When the subpoena is requesting documents and

testimony from a non-party, "the Court should be particularly sensitive to weighing the

probative value of the information sought against the burden of production . . . ." *Fears*

*v. Wilhelmina Model Agency, Inc.*, No. 02 Civ. 4911, 2004 WL 719185, at *1 (S.D.N.Y.

April 1, 2004) (first citing Fed. R. Civ. P. 45(c)(2)(b); then citing *Am. Alec. Power Co. v.*

*United States*, 191 F.R.D. 132, 137 (S.D. Ohio 1999); *Concord Boat Corp. v. Brunswick*

*Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996); *Semtek Int'l, Inc. v. Merkuriy Ltd.*, No. 3607

(DRH), 1996 WL 238538 at *2 (N.D.N.Y. May 1, 1996). "Determination of issues of

burden and reasonableness [under Rule 45(d)(3)(A)(iv) and 26(b)] is committed to the

sound discretion of the court." *Concord Boat Corp.*, 169 F.R.D. at 49 (citing *Semtek*,

1996 WL 238538, at *3).

> On timely motion, the Court must quash or modify a subpoena if it fails to allow a reasonable time to comply, requires a person to comply beyond the geographic limits specified in the rule, requires disclosure of privileged or protected matter (if no exception or waiver applies), or subjects the recipient of the subpoena to undue burden. FED. R. CIV. P. 45(d)(3)(A).

6

*City of Almaty, Kazakhstan v. Ablyazov*, No. 1:15-CV-05345 (AJN)(KHP), 2020 WL 1130670, at *1 (S.D.N.Y. Mar. 9, 2020).

### B.    Standing to Oppose Third-Party Subpoenas

As a general rule, a party lacks standing to move to quash or modify a subpoena directed at a non-party. *See Langford v. Chrysler Motors Corp.,* 513 F.2d 1121, 1126 (2d Cir.1975) ("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness."); *Nova Products, Inc. v. Kisma Video, Inc.,* 220 F.R.D. 238, 241 (S.D.N.Y. 2004) ("[A] party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right.") (citing *Carrion v. City of New York*, No. 01CIV.02255 (LAK/DF), 2022 WL 523398, at *1 n.1 (S.D.N.Y. Apr. 8, 2002). If a party claims a personal right or privilege concerning the documents at issue, the party may have standing to challenge the subpoena.  *See Gilead Sciences, Inc. v. Khaim*, No. 24-CV-4259, 755 F.Supp. 3d 285, 293 (E.D.N.Y. 2024); *Ireh v. Nassau Univ. Med. Ctr.,* No. CV06-09 LDW/AKT, 2008 WL 4283344, at *3 (E.D.N.Y. Sept. 17, 2008), *aff'd*, 371 F. App'x 180 (2d Cir. 2010); *Universitas Educ., LLC v. Nova Grp., Inc.,* 11 Civ. 1590(LTS)(HBP), 2013 WL 57892 at *5 (S.D.N.Y. Jan. 4, 2013) (Pitman, M.J.) ("[A] non-subpoenaed party has standing only if it has a privilege, privacy or proprietary interest in the documents sought.") (citation omitted).  For a party to have standing to challenge a subpoena served on a non-party, there must be more than "a conclusory assertion that the subpoenas seek documents that are private, confidential, and commercially sensitive." *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 CIV. 1654 RA HBP,

7

2014 WL 5420225, at *4 (S.D.N.Y. Oct. 24, 2014) (quoting *Universitas Educ., LLC*, 2013 WL 57892 at *5) (internal quotation marks omitted)).

Instances that fall under the "personal right or privilege" exception and confer standing on a party include the assertion of work product or attorney-client privilege, interference with business relationships, or production of private information about the party that may be in the possession of a third party. *See, e.g., Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*, No. CV 12-6383 (JFB) (AKT), 2017 WL 1133349, at *5 (E.D.N.Y. Mar. 24, 2017) (quoting *A & R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*, No. 3:07CV929, 2013 WL 6511934, at *2 (D. Conn. Dec. 12, 2013) ("Examples of such personal rights or privileges include the personal privacy right and privilege with respect to the information contained in [ ] psychiatric and mental health records, claims of attorney-client privilege, and other privacy interests, including those relating to salary information and personnel records.")); *Merida Cap. Partners III LP v. Fernane,* No. 25-CV-01235 (JAV), 2025 WL 1541072, at *5 (S.D.N.Y. May 30, 2025) (holding the defendants have standing to bring a motion pursuant to Rule 45(d)(3) on the grounds that their private financial information is implicated).  "Courts in this Circuit have recognized a party's privacy interest in banking and financial records can be sufficient to confer standing to move to quash a subpoena directed at the records production." *U.S. Reg'l Econ. Dev. Auth., LLC v. Matthews*, No. 3:16-CV-01093 (CSH), 2018 WL 2172713, at *8 (D. Conn. May 10, 2018) (collecting cases). While not exhaustive, these exceptions demonstrate that there are limited circumstances under which a party may have standing to contest a third-party subpoena.

8

Although parties with privacy interests in banking and financial records may have standing to bring the motion to quash, "they do not have standing 'to challenge the [S]ubpoena[s] on the independent grounds of undue burden or relevance.'" *Merida Cap. Partners III LP*, 2025 WL 1541072, at *5 (quoting *Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*, 650 F. Supp. 3d 199, 202-03 (S.D.N.Y. 2023)). "Instead, Defendants can only raise 'the relevance of the evidence sought by a subpoena for purposes of balancing the relevance of the information sought against the litigant's protected interest.'" *Id.* (quoting *Silverstone Holding Grp., LLC*, 650 F. Supp. 3d at 202-03) (collecting cases)). However, even in cases where a party lacks standing to challenge a subpoena served on a non-party, the Court may exercise its inherent authority to limit irrelevant or non-proportional discovery. *See Hughes v. Hartford Life & Accident Ins. Co.*, 507 F.Supp.3d 384, 405 (D. Conn. 2020). "The federal rules give district courts broad discretion to manage the manner in which discovery proceeds." *Gilead Scis., Inc.*, 755 F. Supp. 3d 285, 294 (E.D.N.Y. 2024) (quoting *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003)).

### c. **Tax Returns**

Courts in this Circuit have recognized that "[a]lthough income tax returns are not inherently privileged, courts are typically reluctant to compel their disclosure because of both 'the private nature of the sensitive information contained therein' and 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.'" *Carmody v. Vill. of Rockville Centre*, No. CV-05-4907 (SJF)(ETB), 2007 WL 2042807, at *1 (E.D.N.Y. July 13, 2007) (internal citation omitted); *Kemp v. CSX Trans.*, No. 1:19-CV-

9

612 (DNH/DJS), 2020 WL 8461515, at *2-3 (N.D.N.Y. Oct. 23, 2020); *S.E.C. v. Garber*, 990 F. Supp. 2d 462 (S.D.N.Y. 2014).

"To compel the disclosure of income tax returns, a two-part test must be satisfied[.]" *Carmody*, 2007 WL 2042807, at *2. First, "the returns must be relevant to the subject matter of the action," and second, "there must be a compelling need for the returns because the information is not 'otherwise readily obtainable.'" *Kemp*, 2020 WL 8461515, at *2-3 (citing *Carmody*, 2007 WL 2042807, at *1); *see also Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 368 (S.D.N.Y. 2010). "The requesting party bears the burden of establishing both relevancy and a compelling need for the tax returns." *Xiao Hong Zheng v. Perfect Team Corp.*, 739 F. App'x 658, 660 (2d Cir. 2018) (summary order) (quoting *Libaire v. Kaplan*, 760 F.Supp.2d 288, 294 (E.D.N.Y. 2011)).

## IV. **DISCUSSION**

### A. **Standing**

The Court concludes that Plaintiff has standing to challenge the third-party subpoena to the extent it seeks her personal financial information. Plaintiff's standing rests on her privacy interest in financial information that would be disclosed through the production of records reflecting income she received, payments made to or on her behalf, or expenses attributable to her. That standing does not necessarily extend to all of the third-party LLC's financial records. To the extent the subpoena seeks financial information concerning the LLC that is independent of Plaintiff, such as general income, expenses, or financial activity unrelated to her, Plaintiff lacks standing to object.

Defendants' argument that Plaintiff, by answering questions about her personal finances at her deposition, waived her privacy interest is unavailing. Although Plaintiff

testified about certain aspects of her financial relationship with the LLC, including the flow of income and use of funds, the Court does not find that testimony sufficiently detailed or comprehensive to constitute a waiver of her privacy interest in the broader financial records sought. At her deposition, Plaintiff did not "testif[y] extensively about [her personal finances]."[2] *Ablyazov*, 2020 WL 1130670, at \*2. The testimony provided to the Court lacked any real detail concerning financial records. *See generally* Dkt. No. 154-1. Certainly, the testimony was not the "extensive testimony" that would result in a waiver. *See City of Almaty, Kazakhstan*, 2020 WL 1130670, at \*2 (S.D.N.Y. Mar. 9, 2020).

## B. **Relevance and Proportionality**

Although Plaintiff has standing only as to her personal financial information, the Court retains authority under Rules 26 and 45 to ensure that the subpoena is properly limited in scope. *See Hughes*, 507 F.Supp.3d at 405 (holding, even in cases where a party lacks standing to challenge a subpoena served on a non-party, the Court may "exercise its inherent authority to limit irrelevant or non-proportional discovery"). The Court agrees with Defendants that, notwithstanding Plaintiff's disclaimer of any claim for lost income, Plaintiff has placed certain financial matters at issue. Plaintiff seeks damages for economic and emotional harm, medical costs, and relocation expenses. Records reflecting income received by, or payments made on behalf of Plaintiff, including through the LLC, are therefore relevant to assessing the nature and extent of her claimed damages. First, records reflecting payments to, or on behalf of, Plaintiff bear directly on her claimed out-of-pocket expenses and whether Defendants' alleged

---

[2] Plaintiff's inability to provide details about her own financial information, personal spending or income, weighs against her in the "availability from other sources" factor, discussed later in the analysis.

conduct caused those expenses.  Second, such records may be relevant to issues of mitigation and credibility, particularly where Plaintiff testified that she was unable to provide detailed information regarding her income and expenditures.  Finally, to the extent Plaintiff claims loss of enjoyment of life, evidence of income-generating activity following the events at issue may bear on the extent of those alleged damages.  The issues Defendants identify in support of the subpoena are important issues to the litigation, and the requested production is relevant to resolving them.[3]  *See Schansman v. Sberbank of Russia PJSC*, 768 F. Supp. 3d 619, 638 (S.D.N.Y.), *reconsideration denied,* 781 F. Supp. 3d 184 (S.D.N.Y. 2025) (collecting cases).  Despite Plaintiff's mother owning the LLC, Plaintiff's testimony reveals significant financial entanglement between Plaintiff and the LLC.  Income from her work goes to the LLC; she has access to the LLC's account; she uses it for personal expenses; she refers to it as "my" production company; and the LLC owns the rights to the content she creates about the subject matter of the litigation. *See* Dkt. No. 154-7 at 12,13,17.  Accordingly, although the LLC is a third party, the Court weighs the financial entanglement as supporting the relevance of the documents requested in the subpoena to the LLC.  Any burden or expense, as contemplated by Rule 45, on the third-party recipient of the subpoena is not before the Court.  *See Strike 3 Holdings, LLC v. Doe*, 337 F. Supp. 3d 246, 252 (W.D.N.Y. 2018) (quoting *Malibu Media, LLC v. Doe*, No. 15-cv-31479, 2016 WL 5478433, at *3 (S.D.N.Y. Sept. 19, 2016)).  Further, as mentioned above, Plaintiff's testimony was not a sufficient alternative source of the information Defendants seek.  Plaintiff was unable to provide details when questioned about her own financial

---

[3] For these same reasons, the Court finds no merit in Plaintiff's argument that the subpoena is punitive and harassing.

12

information, income, or expenses relevant to the claims, defenses, and damages in the case.  This weighs against Plaintiff under Rule 26(b)(2)(C), which directs courts to consider whether the information is available from less burdensome sources.

The Court finds the records the subpoena seeks to be relevant; at the same time, the subpoena, as drafted, is overbroad.  It seeks all financial records of the LLC, including tax filings, complete financial statements, and all income and expense records, without limitation to Plaintiff.  These requests potentially include large amounts of information that are unrelated to Plaintiff or the claims and defenses in this case. This overbreadth is particularly significant given the LLC's status as a non-party. Although Plaintiff's testimony reflects an amount of financial entanglement with the LLC, the entity remains formally separate, and its independent financial activity, if any, is not at issue.

Accordingly, the Subpoena must be narrowed to require production only of documents sufficient to show financial activity relating to Plaintiff, including income received by or payments made to or on her behalf, and expenses attributable to her. Therefore, the Court orders the subpoena modified to require the LLC to provide to the Defendant's counsel: (1) documents sufficient to show financial activity related to Plaintiff, including any W-2 forms, 1099 forms, and wage statements;  (2) documents sufficient to show financial activity related to Plaintiff, including any financial statements of the LLC reflecting such activity; (3) documents sufficient to show any loan disbursements made or loan repayments received to or from Plaintiff; and (4) documents sufficient to show any expenses of the LLC related to Plaintiff or her business, paid or reimbursed by the LLC, to, or on behalf of or related to Plaintiff.

13

The Court is not requiring the production of the LLC's tax returns as it finds Defendants have not demonstrated both prongs of the two-part test applied to tax returns. Although Defendants have demonstrated that certain financial records are relevant and necessary, they have not sufficiently demonstrated the relevancy of the information that may be contained in the LLC tax return. Further, until the production resulting from the modified subpoena is exchanged, the Court cannot properly analyze the second prong of the analysis, the compelling need for the tax returns. Plaintiff's counsel has not suggested any viable alternative sources for potentially relevant information that may be in the tax return. The Court finds it likely that the production required by the modification to the subpoena will provide sufficient information to address the needs Defendants have identified for production of the LLC tax return. The request for tax returns is, therefore, denied without prejudice to renewal if the ordered production is insufficient. *See Kemp*, 2020 WL 8461515, at *3 (authorizing renewal of request for Tax returns if the ordered production insufficient).

To the extent the Court's modification of the subpoena requires the production of sensitive financial records, the Court finds that these records are relevant to the subject matter of the action, proportional to the needs of the case, and may contain information not otherwise readily obtainable. *See Kemp*, 2020 WL 8461515, at *2-3 (citing *Carmody*, 2007 WL 2042807, at *1). Any confidentiality concerns arising from the modified subpoena can be addressed by the Confidentiality Order entered in this action. *See* Dkt. No. 134 (Confidentiality Stipulation and Protective Order); *Brassco, Inc. v. Klipo*, No. 99-cv-3014 (RMB) (DF), 2004 U.S. Dist. LEXIS 11164, 2004 WL 1385816, at *3 (S.D.N.Y. June 21, 2004) (concluding that bank records showing financial gain from

allegedly improper transactions are not privileged, and any privacy interest can be addressed by a protective order).

## VI.  **CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's motion to quash, dkt. no. 151,  is **GRANTED IN PART AND DENIED IN PART**. The Subpoena requesting production of documents and records from third-party Rule Arts and Productions, LLC is modified as follows:

The LLC shall provide to Defendants' attorneys, from the time period of August 14, 2020, to the present:

(1) documents sufficient to show financial activity related to the plaintiff, including any W-2 forms, 1099 forms, and wage statements;

(2) documents sufficient to show financial activity related to the plaintiff, including any financial statements of the LLC that relate to any such financial activity;

(3) documents sufficient to show any loan disbursements made or loan repayments received to or from the Plaintiff;

(4) documents sufficient to show any expenses of the LLC related to the Plaintiff, her business, paid or reimbursed by the LLC, to, or on behalf of, or related to the Plaintiff; and it is further

**ORDERED**, that said records and documents shall be turned over to Defendants' attorneys no later than thirty (30) days from the filing date of this Order.

Dated: May 13, 2026
Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge

16