# EISENBERG & BAUM, LLP

May 29, 2026

**VIA ECF**
Hon. Paul J. Evangelista, USMJ
James T. Foley US Courthouse
445 Broadway, 4th Floor
Albany, NY 12207

     Re:    *Tara Rule v. Jonathan Braiman, et al.,* **No. 1:23-cv-01218-BKS-CFH**

Dear Judge Evangelista,

This firm represents Plaintiff Tara Rule in the above-captioned matter. We write to respectfully respond to Defendant Dr. Jonathan Braiman's letter-motion seeking a pre-motion conference to compel ten additional, unlimited HIPAA authorizations. For the reasons previously detailed in our party-to-party correspondence, Plaintiff maintains that compelling these wholesale disclosures would be entirely improper, disproportionate, and irrelevant to the single medical malpractice claim remaining against Dr. Braiman.

Under Federal Rule of Civil Procedure 26(b)(1), discovery must be relevant to a party's claim or defense and proportional to the needs of the case, and "[t]he party seeking the discovery must make a prima facie showing, that the discovery sought is more than merely a fishing expedition." *Florence v. New York State Dep't of Env't Conservation,* No. 120CV00106LEKCFH, 2024 WL 1116286, at *5 (N.D.N.Y. Mar. 14, 2024) (citation omitted); *see also Croom v. W. Connecticut State Univ.,* No. 3:00-CV-1805 (PCD), 2002 WL 32503667, at *2 (D. Conn. Mar. 20, 2002) ("Having failed to identify what information is sought from the . . . files and how the information is sought is relevant to [the] claims, the request for production appears to be little more than a fishing expedition.").

While Dr. Braiman correctly notes that a plaintiff waives a right to privacy in medical records directly placed at issue by a lawsuit, it is well-settled in this Circuit that such a waiver is not a license for a broad "fishing expedition" into every aspect of a plaintiff's lifelong medical history. Rather, the waiver is strictly limited to medical conditions that share a clear factual nexus with the specific claims asserted.

The medical malpractice claim against Dr. Braiman is structurally discrete, resting <u>entirely</u> on a deviation from the standard of care during a single neurological appointment on September 14, 2022, concerning treatment options for cluster headaches and Ehlers Danlos Syndrome (EDS). There is no logical or legal justification to support the idea that Plaintiff's gynecological, urological, or asthma/allergy records from unrelated specialists have any bearing on this neurological encounter, nor has Dr. Braiman established how, for example, a prior asthma or bladder condition could act as a proximate cause or alternative source of her acute headache injuries. Compelling Plaintiff to execute unlimited authorizations for entities like McGinnis Women's Medical Care or Schenectady Urological Associates serves no purpose other than to needlessly embarrass and harass the Plaintiff.

Furthermore, Dr. Braiman's assertion that he is entitled to unrestricted record access is a conclusory, unsubstantiated allegation that does not clear the legal hurdle for overbroad discovery. Plaintiff has already provided numerous executed HIPAA authorizations sufficient for the Defendants to fully obtain historical documentation relating to the actual medical conditions in dispute. Seeking to look into wholly separate clinical specialties on the mere speculation that Plaintiff "may have complained about neurological symptoms" (Dkt. 159 at 3) elsewhere is the very definition of a fishing expedition.

A critical distinction from the authority relied upon by Dr. Braiman is that each case cited in his letter-motion involved discovery directed at the exact medical condition or injury placed at issue by the lawsuit, rather than a sweeping probe into entirely unrelated medical specialties. For example, in *Waite v. Lowe's Home Centers, Inc.*, the court ordered the production of prior treatment records specifically because they related directly to a prior back injury, which bore a clear factual nexus to the back injuries claimed in that litigation. Similarly, the court in *Pokigo v. Target Corp.* permitted discovery because the plaintiff possessed significant, ongoing pre-existing conditions that could reasonably be expected to <u>directly</u> impact the specific physical and mental damages resulting from the incident in question. In *Diamond v. Ross Orthopedic Group, P.C.*, the court likewise noted that discovery was material and necessary to evaluate the previous injuries and conditions that directly restricted the specific loss of enjoyment of life claimed from the current orthopedic injury.

In stark contrast to these cases, where the requested records shared an undeniable physical and logical identity with the controversial injuries, Dr. Braiman seeks complete and unlimited access to Plaintiff's highly private gynecological, urological, and ophthalmic records. Because these distinct clinical specialties share absolutely no clinical or factual nexus with a medical malpractice claim strictly centered on a single neurological encounter for cluster headaches and Ehlers Danlos Syndrome, Defendants' cited authorities are legally inapposite and fail to justify the invasive, overbroad discovery sought here.

The burden and deep invasion of privacy associated with disclosing highly sensitive, unrelated medical records clearly outweighs any speculative benefit to the defense. Because Plaintiff has already fulfilled her discovery obligations regarding the conditions in controversy, and because Dr. Braiman has failed to establish a legitimate legal nexus for the ten targeted providers, Plaintiff respectfully requests that Dr. Braiman's request be denied in its entirety. *See, e.g., Murray v. Palmer*, No. 903-CV-1010 DNH/GHL, 2006 WL 2516485, at *5 (N.D.N.Y. Aug. 29, 2006) (denying motion to compel documents sought by request that is "overly broad" and "constitutes a 'fishing expedition.'").

We thank the Court for its continued time and attention to this matter.

Respectfully submitted,

/s/ *Reyna Lubin*
Reyna Lubin, Esq.
**EISENBERG & BAUM, LLP**
24 Union Square East, Penthouse

Rule v. Braiman et al.
Pl.'s Response to Letter Motion

New York, NY 10003
Tel: (212) 353-8700
Fax: (917) 591-2875
rlubin@eandblaw.com