
June 18, 2026

**<u>VIA ELECTRONIC FILING</u>**

Hon. Paul J. Evangelista, United States Magistrate Judge
U.S. District Court, NDNY
James T. Foley U.S. Courthouse
445 Broadway, 4th Floor
Albany, New York 12207

Re:  *Tara Rule v. Braiman, et al.*
       Case No.: 1:23-cv-1218 (BKS/PJE)

Dear Judge Evangelista:

As the Court is aware, this Firm represents Albany Med Health System, Glens Falls Hospital, The Saratoga Hospital, and Donna Kirker.

We write to inform the Court of non-party Rule Arts and Productions, LLC's ("RAP") noncompliance with this Court's May 13, 2026 Order (Dkt. 158), and to seek appropriate relief.

As set forth in the Court's Order, RAP was directed to produce documents to Defendants' attorneys, sufficient to show financial activity relating to Plaintiff, including income, payments, and expenses attributable to her, within thirty (30) days of the Order, making production due no later than June 12, 2026. RAP did not produce any documents to Defendants' counsel by that deadline.

Instead, Plaintiff's counsel informed Defendants on June 16, 2026 that RAP had mailed responsive materials to her office, which were received the day prior, and that counsel intended to forward them to Defendants' counsel. As an initial matter, this Court's Order required production to Defendants' counsel, not to Plaintiff's counsel. The failure to timely produce the documents and to send them to Plaintiff's counsel is a violation of this Court's Order.

After receiving the materials from Plaintiff's counsel, Defendants noted several additional, significant deficiencies in the 168 pages produced:

- 125 pages of transactions are from a RAP account with Broadview Federal Credit Union, produced with numerous redactions and covering only the years 2023–2026;[1]

- A one-page "summary of deposit accounts" for a different account with Broadview Federal Credit Union, with all financial information completely redacted and covering only the period December 1, 2025 through December 31, 2025, along with 8 pages of transactions from that account, with numerous redactions and covering only the years 2025–2026;

- 25 pages of transactions from Carol Rule's personal checking account with Broadview Federal Credit Union, with numerous redactions and covering only the years 2023–2026;

- 9 pages of transactions from Carol Rule's personal savings account with Broadview Federal Credit Union, with numerous redactions and covering only the years 2022–2026;

- A five-page, handwritten Personal Loan Agreement between Carol Rule as Lender and Tara Rule as Borrower, with an origination date of December 26, 2022;

- A two-page "statement" from Carol Rule on behalf of RAP, signed and dated May 26, 2026;

- 2 pages of handwritten notes with dates and amounts covering the years 2023-2026.

First, the documents have been redacted without explanation. These redactions obscure the type of financial activity the Court ordered to be produced—namely, income received by RAP and payments attributable to Plaintiff. Notably, the Personal Loan Agreement produced by RAP expressly provides that funds will be placed into RAP accounts so that funds are available to Plaintiff. Given this stated purpose—ensuring funds are available to Plaintiff—all financial activity within those accounts is directly relevant to Plaintiff's financial circumstances and bears on the central issues in this litigation. RAP cannot credibly claim that portions of its financial records are irrelevant when its own agreement establishes that the very purpose of these accounts is to hold funds for Plaintiff's benefit. To the extent RAP's redactions are due to concerns about sensitive financial records, the Court has already ruled that any confidentiality concerns can be addressed through the existing Confidentiality Order in this action.

---

[1] The Court order required production to cover the time period August 14, 2020 to the present.

Second, the documents produced do not reflect any evidence of earned income. This is inconsistent with Plaintiff's testimony that she received income from TikTok and other commercial engagements through RAP and is contrary to a signed statement produced on behalf of RAP from Plaintiff's mother, Carol Rule, indicating that income for Plaintiff's work flowed through RAP. Yet, <u>the documents produced do not reflect any income generated from Plaintiff's activities</u>. Moreover, the redactions appear to have been made by hand using a marker, such as a Sharpie, rather than through any formal redaction process. Based on the portions of the documents that remain visible, the redactions appear to obscure transactions labeled "Other Income".

Defendants respectfully request that the Court order RAP to produce full, unredacted responsive documents directly to Defendants' counsel, and if RAP fails to do so, to hold RAP in contempt for failure to comply with the subpoena and this Court's Order.

Finally, Defendants respectfully renew their request for the Court to require the production of RAP's tax returns.[2] While the Court previously denied that request without prejudice pending production under the modified subpoena, Defendants respectfully submit that the deficiencies in the production demonstrate that the necessary financial information is not otherwise readily obtainable and that there is a compelling need for those tax records.[3]

For these reasons, Defendants respectfully request that the Court: (1) order RAP to produce unredacted responsive documents; (2) hold RAP in contempt if it fails to comply; and (3) require RAP to produce its tax returns.

Thank you for your consideration.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

s/ Michael D. Billok
Bar Roll No. 516448

cc:     All parties, via CM/ECF

---

[2] Carol Rule's "statement" on behalf of RAP states that RAP has not filed tax returns. RAP may not have filed taxes as an entity; if Carole Rule is the sole owner, what would normally be known as RAP's tax return would be reflected on Schedule C of Carol Rule's tax returns.

[3] Defendants also note that their request to compel production of Plaintiff's financial records (Docket No. 152) remains outstanding.